# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRIS BROWN, *et al.*,

    *Plaintiffs*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,

    *Defendants*.

No. 4:25-cv-1162

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Daniel P. Driscoll, in his official capacity as Acting Director of the ATF, the United States Department of Justice ("DOJ"), and Pamela J. Bondi, in her official capacity as Attorney General of the United States respond as follows to the complaint filed by Plaintiffs Chris Brown, Allen Mayville, Prime Protection STL, LLC d/b/a Prime Protection STL Tactical Boutique ("Prime Protection"), National Rifle Association of America ("NRA"), Firearms Policy Coalition, Inc. ("FPC"), Second Amendment Foundation ("SAF"), and American Suppressor Association ("ASA"). *See* Compl., ECF No. 1.

**INTRODUCTION**

1. Paragraph one sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the text of the National Firearms Act ("NFA") (codified as amended at 26 U.S.C. §§ 5801-5872) for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants otherwise deny the remaining allegations in this paragraph, except Defendants admit that the One Big Beautiful Bill ("BBB"), Pub. L. No. 119-21, 139 Stat. 72 (2025), did zero out the NFA's making and transfer

1

taxes on short-barreled rifles, short-barreled shotguns, suppressors, and firearms statutorily categorized as "any other weapons" under the NFA. The Act did not change the $200 making or transfer tax on machineguns and destructive devices, the special occupational tax on importers, manufacturers, and dealers in NFA firearms, or any other NFA requirement.

2. Paragraph two sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the BBB was signed into law by the President on July 4, 2025; that the BBB did zero out the NFA's making and transfer taxes on short-barreled rifles, short-barreled shotguns, suppressors, and firearms statutorily categorized as "any other weapons" under the NFA; and that the BBB did not eliminate the NFA's registration requirements. Defendants deny all remaining allegations in this paragraph.

3. Paragraph three sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the NFA's application to Plaintiffs. To the extent this paragraph sets forth Plaintiffs' characterization of the case and Plaintiffs' requested relief, no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

5. Paragraph five sets forth Plaintiffs' asserted basis for subject matter jurisdiction, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

6. Paragraph six sets forth Plaintiffs' requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

7. Paragraph seven sets forth Plaintiffs' asserted basis for declaratory relief, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

2

8. Paragraph eight sets forth legal conclusions about the application of the Anti-Injunction Act, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

9. Paragraph nine sets forth Plaintiffs' assertion of venue, to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

## PARTIES

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Chris Brown; to the extent a response is required, Defendants deny the allegations in this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Allen Mayville; to the extent a response is required, Defendants deny the allegations in this paragraph.

12. To the extent paragraph twelve sets forth allegations regarding Plaintiffs' values, beliefs, and objections, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent this paragraph sets forth legal conclusions no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

13. Paragraph thirteen sets forth Plaintiffs' characterization of the NFA's registration requirements to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' views about the NFA's registration requirements. Defendants admit that this paragraph cites to ATF forms that must be completed and submitted to ATF in order to comply with the NFA. Defendants respectfully refer the Court to the text of those forms for full and accurate statements of their contents, and

3

Defendants deny any allegations inconsistent therewith. Defendants deny any other allegations in this paragraph.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the amount of time it takes Individual Plaintiffs to collect information and complete NFA registration forms. Defendants admit that this paragraph cites an ATF webpage. Defendants respectfully refer the Court to the text of that webpage for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the allegation that it may take ATF months to process registration information. According to the most recent data, it currently takes an average of 8 days for ATF to process an eForm Form 1 Application to Make and Register a Firearm. *See* ATF, *Current Processing Times* (Last Reviewed Sept. 19, 2025), https://perma.cc/PA38-5GVF. In fact, even the time associated with registering a firearm, as cited by Plaintiffs, is comprised of the time necessary to complete the ATF Form 1 and to obtain fingerprints, but still remains under 4 hours. *See, e.g.*, Agency Information Collection Activities; Proposed eCollection of eComments Requested; Revision of a Previously Approved Collection: Application To Make and Register a Firearm-ATF Form 1 (5320.1), 87 Fed. Reg. 63800 (October 20, 2022).

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the costs Plaintiffs have previously incurred from registering suppressors with the ATF. Defendants admit that, generally, one registering a NFA firearm must provide fingerprints and photographs. Defendants deny any remaining allegations in this paragraph.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' plans with respect to NFA-covered firearms; to the extent a response is required, Defendants deny the allegations in this paragraph.

4

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

## STATUTORY AND CONSTITUTIONAL FRAMEWORK

29. Paragraph twenty-nine sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

30. Paragraph thirty sets forth legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

31. Paragraph thirty-one sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants admit that footnote one cites 26 U.S.C. § 5845(e). Defendants respectfully refer the Court to the text of that statutory provision for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

32. Paragraph thirty-two sets forth legal conclusions and characterizations to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

33. Paragraph thirty-three sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

34. Paragraph thirty-four sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the text of the NFA and the Gun Control Act for full and accurate statements of their contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations.

35. Paragraph thirty-five sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

36. Defendants admit that this paragraph cites statements from congressional hearings. Defendants respectfully refer the Court to the text of the cited hearing record for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

37. Paragraph thirty-seven sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that the paragraph cites the Supreme Court's decision in *Sonzinsky v. United States*, 300 U.S. 506 (1937). Defendants respectfully refer the Court to the text of that decision for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations and characterizations.

38. Paragraph thirty-eight sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that the NFA was amended in 1968, but otherwise deny the allegations and characterizations.

39. Admitted.

40. Paragraph forty sets forth Plaintiffs' characterization of the BBB to which no response is required. Defendants admit that the BBB zeroed out the making and transfer taxes on short-barreled rifles, short-barreled shotguns, suppressors, and firearms statutorily categorized as "any other weapons"

under the NFA. The Act did not change the $200 making or transfer tax on machineguns and destructive devices, the special occupational tax on importers, manufacturers, and dealers in NFA firearms, or any other NFA requirement. Defendants deny any remaining allegations in this paragraph.

41. Defendants admit that the $0 tax will apply beginning January 1, 2026. Defendants deny any remaining allegations in this paragraph.

42. Paragraph forty-two sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit the paragraph cites the Second Amendment to the United States Constitution. Defendants respectfully refer the Court to the text of that amendment for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any remaining allegations and characterizations in this paragraph.

43. Paragraph forty-three sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that this paragraph cites the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Defendants respectfully refer the Court to the text of that decision for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

44. Paragraph forty-four sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that this paragraph cites *Bruen*, 597 U.S. 1. Defendants respectfully refer the Court to the text of that decision for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

45. Denied.

46. Defendants admit that suppressors decrease the noise level of a gunshot, but otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

this paragraph. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

47. Defendants admit that suppressors are sometimes referred to as silencers, and such devices decrease the noise level of a gunshot. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

48. Paragraph forty-eight sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that the regulation of suppressors implicates the Second Amendment, but otherwise deny the allegations in this paragraph.

49. Admitted.

50. Paragraph fifty sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that restrictions on the possession of suppressors burdens the right to bear arms, but the NFA's registration and taxation requirement is constitutional because it imposes a modest burden on a firearm accessory that is consistent with this Nation's historical tradition because suppressors are specially adaptable to criminal misuse.

51. Paragraph fifty-one sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

52. Paragraph fifty-two sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

54. Defendants admit that Plaintiffs have cited ATF webpages. Defendants respectfully refer the Court to those webpages for full and accurate statements of their contents and deny any allegations

inconsistent therewith. Defendants otherwise deny the allegations and characterizations in this paragraph.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding state practices with regards to suppressors. Defendants admit that the NFA does not ban suppressors, but instead makes them subject to regulatory requirements. Defendants respectfully refer the Court to the text of the NFA for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny any other allegations in this paragraph.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

62. Defendants admit that this paragraph cites to a government brief in another case. Defendants respectfully refer the Court to that cited brief for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

65. Defendants admit that this paragraph cites a government brief in another case. Defendants respectfully refer the Court to that cited brief for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

66. Paragraph sixty-six sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

67. Paragraph sixty-seven sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

68. Paragraph sixty-eight sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny that short-barreled rifles are not dangerous and unusual weapons, as they combine high destructive power with easy concealability, and are especially susceptible to criminal misuse.

69. Paragraph sixty-nine sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

71. Paragraph seventy-one sets forth legal conclusions to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

72. Paragraph seventy-two sets forth legal conclusions to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. Defendants admit that this paragraph cites ATF data. Defendants respectfully refer the Court to the ATF sources cited for a full and accurate statement of their contents and deny any allegation inconsistent therewith. Defendants otherwise deny the allegations and characterizations in this paragraph.

73. Paragraph seventy-three sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

74. Paragraph seventy-four sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

75. Paragraph seventy-five sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

76. Paragraph seventy-six sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

77. Paragraph seventy-seven sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that Plaintiffs have cited *Bruen*, 597 U.S. 1. Defendants respectfully refer the Court to that decision for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

78. Paragraph seventy-eight sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

79. Paragraph seventy-nine sets forth legal conclusions to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

80. Paragraph eighty sets forth legal conclusions to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT ONE

81. Defendants incorporate by reference all prior paragraphs of this Answer and the paragraphs in the count below as set forth fully herein in response to the allegations in this paragraph.

82. Paragraph eighty-two sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

83. Paragraph eighty-three sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

84. Paragraph eighty-four sets forth Plaintiffs' characterization of the BBB to which no response is required. To the extent a response is required, Defendants admit that the BBB zeroed out the NFA's making and transfer taxes on short-barreled rifles, short-barreled shotguns, suppressors,

13

and firearms statutorily categorized as "any other weapons" under the NFA; and that the BBB did not eliminate the NFA's registration requirements. Defendants deny any remaining allegations in this paragraph.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

86. Paragraph eighty-six sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

87. Paragraph eighty-seven sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT TWO

88. Defendants incorporate by reference all prior paragraphs of this Answer and the paragraphs in the count below as set forth fully herein in response to the allegations in this paragraph.

89. Paragraph eighty-nine sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that this paragraph cites the Second Amendment to the United States Constitution. Defendants respectfully refer the Court to the text of that amendment for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

90. Paragraph ninety sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that this paragraph cites *Bruen*, 597 U.S. 1, and *District of Columbia v. Heller*, 554 U.S. 570 (2008). Defendants respectfully refer the Court to the text of those decisions for full and accurate statements of their contents and deny any allegations inconsistent therewith.

91. Paragraph ninety-one sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants admit that this paragraph cites *Bruen*, 597 U.S. 1. Defendants

respectfully refer the Court to the text of that decision for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

92. Paragraph ninety-two sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

93. Paragraph ninety-three sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

94. Paragraph ninety-four sets forth legal conclusions to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

95. Paragraph ninety-five sets forth legal conclusions to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

96. Paragraph ninety-six sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

97. Paragraph ninety-seven sets forth legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

**PRAYER FOR RELIEF**

The remainder of the complaint sets forth a prayer for relief to which no response is required; to the extent a response is required, Defendants deny the allegations addressing the prayer for relief.

**BY WAY OF FURTHER ANSWER AND DEFENSE, DEFENDANTS ASSERT:**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over one or more claims or requests for relief.

3. All actions taken by Defendants were proper and in accordance with applicable law.

4. Defendants reserve the right to raise any affirmative defense—including, but not limited to, those contained in Federal Rule of Civil Procedure 8(c)—that may be supported by the record in this case.

5. Defendants deny each and every allegation in the complaint, except as may have been expressly admitted herein. To the extent the complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants references are not intended to be, and should not be construed to be, an admission that cited material: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other action; or (c) are admissible in this, or any other, action.

*   *   *

Dated: October 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

16

**CERTIFICATE OF SERVICE**

On October 10, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Missouri, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                               */s/ Jody D. Lowenstein*
                                               JODY D. LOWENSTEIN
                                               Trial Attorney
                                               U.S. Department of Justice