# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CHRIS BROWN; ALLEN MAYVILLE; PRIME PROTECTION STL, LLC D/B/A PRIME PROTECTION STL TACTICAL BOUTIQUE; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; and AMERICAN SUPPRESSOR ASSOCIATION, | : : : : : : : : |
| *Plaintiffs*, | : No. 4:25-cv-1162 |
| v. | : : |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; DANIEL P. DRISCOLL, in his official capacity as Acting Director of the Bureau of Alcohol Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States, | : : : : : : : : |
| *Defendants*. | : : |

## PLAINTIFFS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Pursuant to Local Rule 4.01(E), Plaintiffs Chris Brown, Allen Mayville, Prime Protection STL, LLC d/b/a Prime Protection STL Tactical Boutique ("Prime Protection"), National Rifle Association of America ("NRA"), Firearms Policy Coalition, Inc. ("FPC"), Second Amendment Foundation ("SAF"), and American Suppressor Association ("ASA," and together with NRA, FPC, and SAF, "Organizational Plaintiffs") submit the following Statement of Uncontroverted Material Facts in support of their motion for summary judgment.

1. Plaintiff Chris Brown ("Brown") is a citizen of the United States and a resident of St. Louis County, Missouri. Decl. of Chris Brown ¶ 1 (Nov. 9, 2025) ("Brown Decl."), attached as **Exhibit 1**.

2. He is over the age of 21 and eligible to purchase and possess firearms under Missouri and federal law. *Id.* ¶ 2.

3. Plaintiff Allen Mayville ("Mayville," and together with Brown, "Individual Plaintiffs") is a citizen of the United States and a resident of Omaha, Nebraska. Decl. of Allen Mayville ¶ 1 (Nov. 10, 2025) ("Mayville Decl."), attached as **Exhibit 2**.

4. He is over the age of 21 and eligible to purchase and possess firearms under Nebraska and federal law. *Id.* ¶ 2.

5. Individual Plaintiffs are firearms owners, members of Organizational Plaintiffs, and supporters of the right to keep and bear arms. Brown Decl. ¶ 2; Mayville Decl. ¶ 2.

6. Individual Plaintiffs value their personal privacy and do not want the federal government to obtain identifying information about their personally owned firearms, including information such as their names, home addresses, photographs, dates of birth, demographic information, fingerprints, and a detailed description of their firearms, including their quantity and physical locations. Federal law, however, currently requires that Individual Plaintiffs provide all of this intrusive personally identifying information to the federal government for them legally to make, transfer, or receive items defined and regulated as "firearms" under the NFA through its registration requirements. *See* 26 U.S.C. §§ 5811, 5812, 5821, 5822, 5841; 27 C.F.R. §§ 479.62, 479.84; Brown Decl. ¶ 3; Mayville Decl. ¶ 3.

7. Individual Plaintiffs object to this burdensome registration requirement, which forces them to provide information to the federal government similar to that obtained from an individual arrested and charged with a crime. Brown Decl. ¶ 4; Mayville Decl. ¶ 4.

8. Complying with the NFA's registration requirements as a precondition to lawfully making, transferring, or receiving the covered firearms imposes a significant regulatory burden on

Individual Plaintiffs. For example, to register a firearm regulated by the NFA, Individual Plaintiffs must spend time completing the application forms issued by the ATF and then wait for the ATF to issue an approval determination, enter their registration information, and authorize their possession of the firearm. *See* BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, OMB NO. 1140-0014, FORM 1 (5320.1): APPLICATION TO MAKE AND REGISTER A FIREARM (2022), https://perma.cc/RZ5B-5Q5Y; BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, OMB NO. 1140-0014, FORM 4 (5320.4): APPLICATION FOR TAX PAID TRANSFER AND REGISTRATION OF FIREARM (2023), https://perma.cc/963W-KTYE; Brown Decl. ¶ 5; Mayville Decl. ¶ 5.

9. Collecting the information required by these forms and completing them can take significant time, and Individual Plaintiffs must then wait what could be months for the ATF to enter their registration information and issue an approval determination. *See Current Processing Times*, BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, https://perma.cc/XNZ7-UZUR (last updated Sep. 19, 2025). Indeed, it took nearly ten months from 2016 to 2017 for ATF to approve Brown's first suppressor purchase, and it took over nine months from 2023 to 2024 for ATF to approve Mayville's first suppressor purchase. Brown Decl. ¶ 6; Mayville Decl. ¶ 6.

10. To comply with the NFA's requirements, Individual Plaintiffs have incurred costs arising from providing their fingerprints and photographs when registering suppressors with the ATF. Brown Decl. ¶ 7; Mayville Decl. ¶ 7.

11. Given the One Big Beautiful Bill Act's, Pub. L. No. 119-21, 139 Stat. 72 (2025), reduction of the NFA's excise tax for the majority of covered firearms to $0, Individual Plaintiffs plan to take a number of actions with respect to NFA-covered firearms. Brown Decl. ¶ 8; Mayville Decl. ¶ 8.

12. Brown wants to transfer a Yankee Hill Machine Co. rifle suppressor that he lawfully owns to a friend who is a Missouri resident (who is lawfully able to own firearms) because it no longer suits his needs without complying with the NFA's transfer provisions. Brown Decl. ¶ 9.

13. He has had multiple opportunities in the recent past to sell this suppressor, but his would-be buyers declined to purchase it because of the need to go through the burdensome NFA registration process. Brown Decl. ¶ 10.

14. Brown also wants to acquire a short-barreled rifle but has declined to do so because of the NFA provisions being challenged in this case. Brown Decl. ¶ 11.

15. Brown would transfer his suppressor and acquire a short-barreled rifle, both within the State of Missouri, within 30 days of the effective date of the $0 tax if it were not a violation of federal law to do so without complying with the challenged NFA provisions. Brown Decl. ¶ 12.

16. Mayville wants to acquire an additional suppressor for his firearms—a new BANISH 30-V2 suppressor—but has declined to do so because of the NFA provisions being challenged in this case. Mayville Decl. ¶ 9.

17. Mayville would acquire the suppressor within the State of Nebraska within 30 days of the effective date of the $0 tax if it were not a violation of federal law to do so without complying with the challenged NFA provisions. Mayville Decl. ¶ 10.

18. Were Individual Plaintiffs to take these respective actions without complying with the challenged NFA provisions, they would face arrest, prosecution, and imprisonment for felony violations of federal law. *See* 26 U.S.C. §§ 5861, 5871. Consequently, Individual Plaintiffs will not take these respective actions unless it would not be a violation of federal law for them to do so without complying with the NFA's registration provisions. Brown Decl. ¶ 12; Mayville Decl. ¶ 10.

19. Prime Protection is a limited liability corporation formed under the laws of Missouri in 2016 with its principal place of business in St. Louis County, Missouri. Decl. of Prime Protection STL, LLC d/b/a Prime Protection STL Tactical Boutique ¶ 3 (Nov. 10, 2025) ("Prime Protection Decl."), attached as **Exhibit 3**.

20. Prime Protection is a federally licensed firearms dealer under the Gun Control Act and is licensed to sell NFA items under the NFA. *Id.* ¶ 3.

21. Prime Protection is a member of Organizational Plaintiffs. *Id.*

22. Prime Protection sells a wide variety of handguns, rifles, shotguns, firearms components, firearms accessories, and NFA firearms, including suppressors, short-barreled rifles, and short-barreled shotguns, including to residents of Missouri. *Id.* ¶ 4.

23. Prime Protection incurs significant regulatory costs in order to comply with the NFA's registration requirements in selling these firearms. For example, the NFA imposes burdensome recordkeeping requirements on Prime Protection to sell NFA-covered firearms. *Id.* ¶ 5.

24. Prime Protection has lost sales because of the NFA's registration requirements, including sales to residents of Missouri. Prospective and repeat customers have declined to purchase NFA firearms because the NFA requires them to submit personally identifying information to the federal government and go through the intrusive, time-consuming registration process. These sales to prospective and repeat customers would have occurred but for the NFA's registration scheme. Consequently, Prime Protection loses potential customers and business revenue because of the NFA's registration requirements. *Id.* ¶ 6.

25. If it were not a violation of federal law to do so, Prime Protection would sell suppressors, short-barreled rifles, and short-barreled shotguns without complying with the challenged NFA provisions. *Id.*

26. NRA is a nonprofit corporation founded in 1871. Decl. of National Rifle Association of America ¶ 3 (Nov. 13, 2025) ("NRA Decl."), attached as **Exhibit 4**.

27. NRA is America's oldest civil rights organization and America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. *Id.* ¶ 4.

28. NRA has millions of members across the nation, including in states in the Eighth Circuit. *Id.* ¶ 5.

29. FPC is a nonprofit membership organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada, with members across the country. Decl. of Firearms Policy Coalition, Inc. ¶ 3 (Nov. 8, 2025) ("FPC Decl."), attached as **Exhibit 5**.

30. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. *Id.* ¶ 4.

31. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. *Id.* ¶ 5.

32. SAF is a nonprofit educational foundation incorporated in 1974. Decl. of Second Amendment Foundation ¶ 3 (Nov. 10, 2025) ("SAF Decl."), attached as **Exhibit 6**.

33. SAF's mission is to preserve the individual constitutional right to keep and bear arms through public education, judicial, historical, and economic research, publishing, and legal-action programs focused on the civil right guaranteed by the Second Amendment to the United States Constitution. *Id.* ¶ 4.

34. ASA was formed in 2011 with the purpose of securing pro-suppressor reform nationwide. Decl. of American Suppressor Association ¶ 3 (Nov. 10, 2025) ("ASA Decl."), attached as **Exhibit 7**.

35. ASA has lobbied in 35 U.S. states and territories, fought to ease the archaic restrictions on suppressors in the District of Columbia, testified before dozens of legislative bodies, hosted countless suppressor demonstrations for legislators, policymakers, media, and the public, and funded research proving the efficacy of suppressors. *Id.* ¶ 4.

36. Individual Plaintiffs and Prime Protection are members of Organizational Plaintiffs. NRA Decl. ¶ 6; FPC Decl. ¶ 6; SAF Decl. ¶ 5; ASA Decl. ¶ 5.

37. Organizational Plaintiffs bring this suit on behalf of their members, who are directly harmed by Defendants' enforcement of the NFA. NRA Decl. ¶ 6; FPC Decl. ¶ 6; SAF Decl. ¶ 5; ASA Decl. ¶ 5.

38. As of October 14, 2025, there were 4,818,120 non-government registered suppressors and 4,956,408 total registered suppressors in the United States. Decl. of Nicholas A. Varone Ex. A (Nov. 12, 2025), attached as **Exhibit 8**.

39. As of October 14, 2025, there were 820,338 non-government registered short-barreled rifles and 1,179,994 total registered short-barreled rifles in the United States. *Id.*

Dated: November 14, 2025            Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
Nicholas A. Varone*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
nvarone@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

On November 14, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Missouri, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
