# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS BROWN; ALLEN MAYVILLE; PRIME PROTECTION STL, LLC D/B/A PRIME PROTECTION STL TACTICAL BOUTIQUE; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; and AMERICAN SUPPRESSOR ASSOCIATION, | : : : : : : : : | |
| *Plaintiffs*, | : : | No. 4:25-cv-1162 |
| v. | : : : | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; DANIEL P. DRISCOLL, in his official capacity as Acting Director of the Bureau of Alcohol Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States, | : : : : : : : : : | |
| *Defendants*. | : | |

## DECLARATION OF CHRIS BROWN

1. My name is Chris Brown. I am a citizen of the United States and a resident of St. Louis County, Missouri.

2. I am over the age of 21 and eligible to purchase and possess firearms under Missouri and federal law. I am a firearms owner, a member of National Rifle Association of America, Firearms Policy Coalition, Inc., Second Amendment Foundation, and American Suppressor Association, a member of my local Friends of the National Rifle Association of America Board, the former Shooting Sports Chairman for the Greater St. Louis Area Council of the Boy Scouts of America (2017–2025), and a supporter of the right to keep and bear arms.

3. I value my personal privacy and do not want the federal government to obtain identifying information about my personally owned firearms, including information such as my name, home address, photograph, date of birth, demographic information, fingerprints, and a detailed description of my firearms, including their quantity and physical locations. Federal law, however, currently requires that I provide all of this intrusive personally identifying information to the federal government for me legally to make, transfer, or receive items defined and regulated as "firearms" under the NFA through its registration requirements. *See* 26 U.S.C. §§ 5811, 5812, 5821, 5822, 5841; 27 C.F.R. §§ 479.62, 479.84.

4. I object to this burdensome registration requirement, which forces me to provide information to the federal government similar to that obtained from an individual arrested and charged with a crime.

5. Complying with the NFA's registration requirements as a precondition to lawfully making, transferring, or receiving the covered firearms imposes a significant regulatory burden on me. For example, to register a firearm regulated by the NFA, I must spend time completing the application forms issued by the ATF and then wait for the ATF to issue an approval determination, enter my registration information, and authorize my possession of the firearm. *See* BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, OMB NO. 1140-0014, FORM 1 (5320.1): APPLICATION TO MAKE AND REGISTER A FIREARM (2022), https://perma.cc/RZ5B-5Q5Y; BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, OMB NO. 1140-0014, FORM 4 (5320.4): APPLICATION FOR TAX PAID TRANSFER AND REGISTRATION OF FIREARM (2023), https://perma.cc/963W-KTYE.

6. Collecting the information required by these forms and completing them can take significant time, and I must then wait what could be months for the ATF to enter my registration information and issue an approval determination. *See Current Processing Times*, BUREAU OF

Alcohol, Tobacco, Firearms & Explosives, https://perma.cc/XNZ7-UZUR (last updated Sept. 19, 2025). Indeed, it took nearly ten months for ATF to approve my first suppressor purchase: from June 2016 to April 2017.

7. To comply with the NFA's requirements, I have incurred costs arising from providing my fingerprints and photographs when registering suppressors with the ATF.

8. Given the One Big Beautiful Bill Act's, Pub. L. No. 119-21, 139 Stat. 72 (2025), reduction of the NFA's excise tax for the majority of covered firearms to $0, I plan to take a number of actions with respect to NFA-covered firearms.

9. I want to transfer a Yankee Hill Machine Co. rifle suppressor that I lawfully own to a friend who is a Missouri resident (who is lawfully able to own firearms) because it no longer suits my needs without complying with the NFA's transfer provisions.

10. I have had multiple opportunities in the recent past to sell this suppressor, but my would-be buyers declined to purchase it because of the need to go through the burdensome NFA registration process.

11. I also want to acquire a short-barreled rifle but have declined to do so because of the NFA provisions being challenged in this case.

12. I would transfer my suppressor and acquire a short-barreled rifle, both within the State of Missouri, within 30 days of the effective date of the $0 tax if it were not a violation of federal law to do so without complying with the challenged NFA provisions. Were I to transfer my suppressor or acquire a short-barreled rifle without complying with those provisions, I would face arrest, prosecution, and imprisonment for felony violations of federal law. *See* 26 U.S.C. §§ 5861, 5871. Consequently, I will not transfer my suppressor or purchase my desired

short-barreled rifle unless it would not be a violation of federal law for me to do so without complying with the NFA's registration provisions.

I, Chris Brown, certify under penalty of perjury that the foregoing is true and correct.


____Nov 9, 2025____  ____[signature]____
DATE                  CHRIS BROWN

4