# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRIS BROWN, ALLEN MAYVILLE; PRIME PROTECTION STL, LLC D/B/A PRIME PROTECTION STL TACTICAL BOUTIQUE; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; and AMERICAN SUPPRESSOR ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; DANIEL P. DRISCOLL, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States,<br><br>*Defendants*. | No. 4:25-cv-1162 |

## CONSENT MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

The States of Kansas, Alabama, Alaska, Arkansas, Florida, Georgia, Idaho, Indiana, Iowa, Louisiana, Missouri, Montana, Nebraska, North Dakota, Oklahoma, South Carolina, South Dakota, Texas, Utah, West Virginia, and Wyoming and the Arizona Legislature respectfully request leave to file the proposed *amicus curiae* brief attached as Exhibit A. Proposed *Amici* have contacted counsel for the parties, and all parties consent to this request.

1

## ANALYSIS

This Court has significant discretion in deciding whether to permit *amicus* briefs. *Williams v. Centene Corp.*, No. 4:22-CV-00216-SEP, 2023 WL 2755544, at *3 (E.D. Mo. Mar. 31, 2023). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quotation marks omitted). Proposed *Amici* have a strong interest in combatting federal overreach, especially when it infringes upon the constitutional rights of their citizens. And they reasonably believe that Defendants will try to use the Commerce Clause to save the challenged provisions of the National Firearms Act. Proposed *Amici* are intimately familiar with efforts by the federal government to invoke the Clause to intrude into state, local, and personal matters

In the attached brief, Proposed *Amici* provide insight into why the Clause cannot save the challenged provisions. They thus "have knowledge, experience, and perspective related to the matters in this case that would assist the Court in its resolution of this . . . dispute." *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2012 WL 3065517, at *7 (E.D. Mo. July 27, 2012). And Proposed *Amici* routinely file *amicus* briefs at all levels of the federal judiciary, further indicating their valuable perspective. *See Williams*, 2023 WL 2755544, at *3 (permitting *amicus* brief, in part, because the *amicus* had "articulated an ability to provide such [unique] information and perspective" in other cases). There is good cause to permit Proposed *Amici* to share their perspective with the Court.

## CONCLUSION

For the foregoing reasons, this Court should permit Proposed *Amici* to file the attached brief.

**Dated:** December 9, 2025

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Anthony J. Powell*
Anthony J. Powell, #14981KS
*Solicitor General*
James R. Rodriguez, #29172KS
*Assistant Attorney General*
Adam T. Steinhilber, #30468KS
*Assistant Solicitor General*
**Office of the Kansas Attorney General**
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-2215
Anthony.Powell@ag.ks.gov
Jay.Rodriguez@ag.ks.gov
Adam.Steinhilber@ag.ks.gov

*Counsel for Proposed Amici Curiae*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of December 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance.

             */s/ Anthony J. Powell*
             Anthony J. Powell