# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRIS BROWN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | No. 4:25-cv-1162 |

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Pursuant to Local Rule 4.01(E), defendants submit this statement of uncontroverted material facts in support of their motion for summary judgment.

1. Qualified manufacturers must submit an ATF Form 2, *Notice of Firearms Manufactured or Imported*, for all NFA firearms manufactured. *See* Decl. of Stephen Albro ("Albro Decl.") ¶ 11, Ex. 4 at 3.

2. ATF Form 2 requires the manufacturer's name, address, and Federal Firearms License Number; the number of firearms manufactured; the date of manufacture; and a description of the firearms. *See* Albro Decl. ¶ 11, Ex. 4 at 3.

3. An approved ATF Form 2 registers the subject firearm in the National Firearms Registration and Transfer Record ("NFRTR"). *See* Albro Decl. ¶ 11, Ex. 4 at 3.

4. A person who is not a qualified manufacturer and who is not prohibited from possessing firearms must submit an ATF Form 1, *Application to Make and Register a Firearm*, to make an NFA firearm. *See* Albro Decl. ¶ 12, Ex. 4 at 3.

5. ATF Form 1 must be accompanied by an FBI FD-258, Fingerprint Card, in duplicate;

a 2-inch by 2-inch photograph; and payment of any applicable making tax. *See* Albro Decl. ¶ 12, Ex. 4 at 3.

6. ATF Form 1 requires the applicant's name and address, country of citizenship, date and place of birth, social security number, and other identifying information; a description of the firearm to be made, including a unique serial number created by the applicant; answers to a list of questions; and the notification to the chief law enforcement officer of the applicant's city or county. *See* Albro Decl. ¶ 12, Ex. 4 at 3.

7. Applications to transfer an NFA firearm must be made on ATF Form 4, *Application for Tax Paid Transfer and Registration of Firearm*. *See* Albro Decl. ¶ 15, Ex. 4 at 4.

8. ATF Form 4 requires the name and address of the transferee and transferor; the Federal Firearms License number of the transferee and/or transferor, if applicable; the fingerprints and photograph of the transferee; a description of the firearm(s); answers from the transferee to a list of questions; and that it be accompanied by any applicable tax payment. *See* Albro Decl. ¶ 15, Ex. 4 at 4.

9. ATF Form 3, *Application for Tax Exempt Transfer of Firearm and Registration to Special Occupational Taxpayer*, is used to request approval to transfer NFA firearms from one qualified Federal Firearms Licensee ("FFL")—whether an importer, manufacturer or dealer—to another. *See* Albro Decl. ¶ 16, Ex. 4 at 4.

10. ATF Form 3 requires the name and address of the transferee, the name and address of the transferor, Federal Firearms License numbers and a description of the firearm(s). *See* Albro Decl. ¶ 16, Ex. 4 at 4.

11. Requiring that NFA firearms be registered throughout their existence helps ATF identify which firearms have been properly taxed and are thus lawfully possessed and transferred and which of those are contraband. *See* Albro Decl. ¶ 22, Ex. 4 at 5.

2

12. The NFA's requirements support the assessment, collection, and enforcement of the SOT. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

13. ATF's NFA Division reviews every application to make or transfer an NFA firearm. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

14. That review includes checking the NFRTR for applications to make to ensure the firearm and proposed serial number will not be a duplicative entry, and for applications to transfer to match the information on the application and accompanying forms to ensure the accuracy of and make any necessary updates to the NFRTR. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

15. Part of that review is to determine whether the transaction is a tax-paid or tax-exempt transfer. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

16. If the transaction requires a tax to be paid, the NFA Division confirms the tax payment was in fact made. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

17. If the application contains information regarding an FFL and SOT, the NFA Division confirms the information is accurate and that the status of the FFL is active and that the SOT has been paid. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

18. No application is approved—and the firearms subsequently registered—without the applicable tax being paid. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

19. The NFRTR provides accurate, current tax collection information. *See* Albro Decl. ¶ 27, Ex. 4 at 6.

20. While the NFA's requirements help ensure that qualified manufacturers and dealers are meeting their tax obligations—*e.g.*, a manufacturer could not avoid paying the SOT and still register its silencers or short-barreled rifles—they also provide additional information in aid of the collection and enforcement of the special occupational tax ("SOT"). *See* Albro Decl. ¶ 28, Ex. 4 at 6.

21. For example, a sustained increase in the transfer of NFA firearms may indicate that an

3

individual is engaged in the business of dealing in firearms and should be licensed and paying the SOT. *See* Albro Decl. ¶ 28, Ex. 4 at 6.

22. Likewise, the repetitive making of certain firearms by the same individual may indicate that individual is engaged in the business of manufacturing those firearms and should again be licensed and paying the SOT. *See* Albro Decl. ¶ 28, Ex. 4 at 7.

23. The NFA's registration and approval requirements aid in preventing the circumvention of the NFA and the Gun Control Act. *See* Albro Decl. ¶ 28, Ex. 4 at 7.

24. The vast majority of NFA firearms are made by qualified manufacturers that must be FFLs and pay the SOT. *See* Albro Decl. ¶ 29, Ex. 4 at 7 (citing ATF, *National Firearms Commerce and Trafficking Assessment: Firearms in Commerce*, at 99-100 (May 2022)).

25. For example, between 2016 and 2020, silencers made by private individuals and approved on ATF Form 1 totaled 138,294. *See* Albro Decl. ¶ 29, Ex. 4 at 7 (citing ATF, *National Firearms Commerce and Trafficking Assessment: Firearms in Commerce*, at 99-100 (May 2022)).

26. By contrast, in this same time period, silencers made by qualified manufacturers and approved on ATF Form 2 totaled 1,102,030. *See* Albro Decl. ¶ 29, Ex. 4 at 7 (citing ATF, *National Firearms Commerce and Trafficking Assessment: Firearms in Commerce*, at 99-100 (May 2022)).

27. Therefore, 87.5% of silencers were made by qualified manufacturers, engaged in the business of manufacturing. *See* Albro Decl. ¶ 29, Ex. 4 at 7 (citing ATF, *National Firearms Commerce and Trafficking Assessment: Firearms in Commerce*, at 99-100 (May 2022)).

28. Additionally, in this same time period: 29,965 short-barreled rifles were approved on ATF Form 1, while 135,658, or 88%, of short-barreled rifles were approved on ATF Form 2; 385 AOWs were approved on ATF Form 1, while 10,579, or 97%, of AOWs were approved on ATF Form 2; and 211 short-barreled shotguns were approved on ATF Form 1, while 13,520, or 98.5%, of short-barreled shotguns were approved on ATF Form 2. *See* Albro Decl. ¶ 29, Ex. 4 at 7 (citing ATF,

4

*National Firearms Commerce and Trafficking Assessment: Firearms in Commerce*, at 99-100 (May 2022)).

29. The initial transfer of an NFA firearm is typically from a qualified manufacturer to a qualified distributor, both of whom must be FFLs and pay the SOT, and the firearm must be registered and the transfer approved on ATF Form 3, *Application for Tax-Exempt Transfer of Firearm and Registration to Special Occupational Taxpayer*. *See* Albro Decl. ¶ 30, Ex. 4 at 7.

30. The next transfer is typically from a qualified distributor to a qualified dealer, both of whom must be FFLs and pay the SOT, and the firearm again must be registered and the transfer approved on ATF Form 3. *See* Albro Decl. ¶ 31, Ex. 4 at 7.

31. Most NFA firearms have been shipped and transferred interstate by the time they are transferred to a qualified dealer. *See* Albro Decl. ¶ 32, Ex. 4 at 8.

32. Every state has NFA Special Occupational Taxpayers, with the largest numbers in Texas, Florida and Arizona, respectively. *See* Albro Decl. ¶ 32, Ex. 4 at 8 (citing ATF, *Firearms Commerce in the United States*, Statistical Update, 2024, Exhibit 11, www.atf.gov/resource-center/docs/report/2024firearmscommercereportpdf/download).

33. In fiscal year 2025, 2,195,034 total NFA weapons were transferred, with a distinct application count of 478,709. *See* Albro Decl. ¶ 32, Ex. 4 at 8.

34. Of those total NFA weapons transferred, 1,997,787, or 91%, were transferred interstate. *See* Albro Decl. ¶ 32, Ex. 4 at 8.

35. The last transfer for an NFA firearm is typically the retail sale between a qualified dealer and an individual purchaser, and the qualified dealer, who must be an FFL and pay the SOT, must register the firearm to the purchaser and keep records of the sale, as with all NFA firearm transfers. *See* Albro Decl. ¶ 33, Ex. 4 at 8.

Dated: December 17, 2025        Respectfully submitted,

                                BRETT A. SHUMATE
                                Assistant Attorney General

5

Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On December 17, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Missouri, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice