# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS BROWN; ALLEN MAYVILLE; PRIME PROTECTION STL, LLC D/B/A PRIME PROTECTION STL TACTICAL BOUTIQUE; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; and AMERICAN SUPPRESSOR ASSOCIATION, | : : : : : : : : | |
| *Plaintiffs*, | : : | No. 4:25-cv-01162-SRC |
| v. | : : : | **ORAL ARGUMENT REQUESTED** |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; DANIEL P. DRISCOLL, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States, | : : : : : : : : : : | |
| *Defendants*. | : | |

# PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's February 25, 2026, Docket Text Order, Plaintiffs submit this surreply in further opposition to Defendants' Motion for Summary Judgment to respond to the additional evidence that Defendants submitted in support of their reply brief.

Congress enacted the National Firearms Act of 1934 ("NFA"), Pub. L. No. 73-474, 48 Stat. 1236 (codified as amended at 26 U.S.C. §§ 5801–5872), explicitly based on its power to lay and collect taxes. Recently, however, the One Big Beautiful Bill Act ("OBBB"), Pub. L. No. 119-21, 139 Stat. 72 (2025), zeroed out the making and transfer taxes on the majority of firearms covered by the NFA, including suppressors, short-barreled rifles, short-barreled shotguns, and NFA-defined "any other weapon[s]." Consequently, the NFA provisions that Plaintiffs challenge in this case, provisions that were enacted solely in support of the collection of the taxes on those classes of firearms, can no longer be justified as an exercise of Congress's taxing powers, as a necessary and proper regulation in support of those taxing powers, or as an exercise of any other congressional power, and are thus unconstitutional, both facially and as-applied to Plaintiffs. *See* Mem. of L. in Supp. of Pls.' Mot. for Summ. J. at 14–16 (Nov. 14, 2025), ECF No. 24; Pls.' Combined Reply Mem. of L. in Further Supp. of Pls.' Mot. for Summ. J. & Mem. of L. in Opp'n to Defs.' Mot. for Summ. J. at 4–12 (Jan. 21, 2026), ECF No. 56 ("Pls.' Opp'n").

Defendants agree that Congress's taxing powers were the "constitutional source" for the NFA and that the OBBB zeroed out the making and transfer taxes on suppressors, short-barreled rifles, short-barreled shotguns, and "any other weapon[s]," but disagree that these facts render the challenged NFA provisions unconstitutional. Mem. in Opp'n to Pls.' Mot. for Summ. J. & in Supp. of Defs.' Mot. for Summ. J. at 9 (Dec. 17, 2025), ECF No. 33 ("Govt. MSJ"). Defendants instead argue that the challenged firearms registration provisions support the collection and enforcement of the annual special occupational tax on businesses that import, manufacture, or deal in NFA

1

firearms—a different tax imposed in a different provision of the NFA. *Id.* The Court should reject Defendants' reinterpretation of the NFA and their attempt to distort the straightforward statutory structure of the NFA to connect unrelated parts of the statute. As Plaintiffs have argued, the unchallenged occupational registration requirements of the NFA facilitate the collection of the special occupational tax, whereas the challenged firearm registration requirements facilitate the now non-existent collection of the firearm making and transfer taxes. Pls.' Opp'n at 4–12.

In response to Defendants' insistence that NFA firearms registration information supports the collection of the special occupational tax, Plaintiffs raised the point that it is difficult to imagine that an individual who attempts to lawfully register numerous NFA firearms—to the extent that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") notices and seeks to determine whether the individual should be paying the special occupational tax—would not *also* pay the special occupational tax in the first place. *Id.* at 9–10. In response, Defendants proffer a new, second declaration from Stephen Albro, Chief of the ATF NFA Division, Second Decl. of Stephen Albro (Feb. 11, 2026), ECF No. 58-1 ("Second Albro Decl."), in an attempt to shore up their argument that ATF identifies individuals who fail to pay the special occupational tax through ATF's review of NFA firearms registration information, but Defendants' new evidence does not support the argument they attempt to make.

First, while Albro states that in 2025, the NFA Division denied 691 transfer applications "because of [special occupational tax] issues, including a transferor's or transferee's failure to properly pay the [special occupational tax]," *id.* ¶ 10, he does not identify what *specific* special occupational tax "issues" there were, which means that the statement does nothing to support Defendants' arguments. Albro's declaration gives no reason to think anything other than that many

2

of these special occupational tax "issues" were simple paperwork errors having nothing to do with special occupational tax payment.

Second, Albro's declaration describes only ATF's historical practice pre-OBBB, where verification of special occupational taxpayer status was sometimes relevant to the exemption for making and transfer taxes. Defendants and Albro do not address the OBBB's changes to the NFA or assert that the ATF will follow the same historical practice moving forward.

Third, the 691 applications that Albro identifies are less than 1% (specifically, 0.14%) of the 478,709 distinct NFA transfer applications approved in 2025. *See* Decl. of Stephen Albro ¶ 32 (Dec. 15, 2025), Govt. MSJ Ex. 4, ECF No. 33-4. That minuscule fraction supports Plaintiffs' argument that the challenged NFA firearm registration requirements are not plainly adapted to collecting the special occupational tax. *See* Pls.' Opp'n at 5–14.

Fourth, even if ATF has used firearms registration data to aid in the collection and enforcement of the special occupational tax—a point Plaintiffs continue to dispute—that state of affairs would not and does not change the fact that the NFA's plain text and structure do not support the interpretation that the firearm registration provisions support the special occupational tax. ATF's after-the-fact use of data generated by the NFA cannot alter the structure and interpretation of the statute as enacted.

Last, ATF's alternative use of the NFA's invasive, personal firearm registration data is utterly irrelevant to and cannot cure the constitutional infirmities with the challenged NFA provisions under the Second Amendment to the United States Constitution.

Accordingly, Defendants' new evidence fails to change the conclusion that the challenged NFA provisions are unconstitutional. The Court should grant Plaintiffs' motion for summary judgment and deny Defendants' motion for summary judgment.

Dated: March 4, 2026

Respectfully Submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
Nicholas A. Varone*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
nvarone@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

On March 4, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Missouri, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC