UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS BROWN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01162-SRC |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Order

When Congress enacted the One Big Beautiful Bill Act, Pub. L. No. 119-21, 139 Stat. 72 (2025), the law in part reduced the National Firearms Acts's "excise tax for the majority of covered firearms to $0." Doc. 23 at ¶ 11. Plaintiffs argue that Congress exceeded its enumerated powers when it reduced the tax on most firearms to $0 but kept the NFA's registration scheme intact. Doc. 1 at ¶¶ 81–87; doc. 24 at 25–35 (The Court cites to page numbers as assigned by CM/ECF.). Plaintiffs also argue that the NFA's regulation of short-barreled rifles and suppressors violates the Second Amendment. Doc. 1 at ¶¶ 88–97; doc. 24 at 35–51.

Because of this change to the NFA, Plaintiffs want "to take a number of actions with respect to NFA-covered firearms," without complying with the NFA, doc. 23 at ¶ 11, but won't do so for fear of an enforcement action, *id.* at ¶ 18. This preenforcement challenge to the NFA raises several novel issues. Having reviewed the parties' briefing, the Court orders supplemental briefing for the following issues.

## I.      Art. III standing

To resolve any case on the merits, a court must have jurisdiction to do so. That includes ensuring that Plaintiffs satisfy the requirements of Article III standing. *Pucket v. Hot Springs*

1

*Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156–57 (8th Cir. 2008).  Sufficiently answering that question requires Plaintiffs to show that they satisfy three conditions:  (i) that they have alleged a cognizable injury, (ii) that the injury is "fairly traceable to the [Defendants'] allegedly unlawful conduct," and (iii) that the injury is "likely to be redressed by the requested relief."  *California v. Texas*, 593 U.S. 659, 668–69 (2021) (citation omitted).

To satisfy the injury-in-fact requirement for a preenforcement challenge, Brown and Mayville must assert that ATF's threatened enforcement is "sufficiently imminent."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).  The Supreme Court held that Plaintiffs may satisfy this requirement when they allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder."  *Id.* (citing *Babbitt v. United Farm Workers Nat'l. Union*, 442 U.S. 289, 298 (1979)).

The Court therefore orders the parties to address whether Plaintiffs' course of conduct is arguably affected with a constitutional interest.  In particular, the Court orders the parties to address whether Plaintiffs possess a constitutional interest in Congress's proper exercise of its enumerated powers or whether Plaintiffs' asserted injury in count I is a generalized grievance. Doc. 1 at ¶¶ 81–87.

## II.   The NFA's regulation of short-barreled rifles and suppressors

Plaintiffs argue that the NFA's regulation of short-barreled rifles and suppressors "constitute[s] an unconstitutional regulatory scheme."  Doc. 24 at 35–51; *see also* doc. 56 at 40–46.  Defendants contend that the NFA's requirements "comport with the Second Amendment." Doc. 33 at 40–44; doc. 58 at 29–37.

The Second Amendment to the United States Constitution provides that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment confers "an individual right to keep and bear arms," *id.* at 595, that are "in common use at the time for lawful purposes like self-defense," *id.* at 624. Then in *Bruen*, the Supreme Court clarified the standard for applying the Second Amendment: (i) "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct" and (ii) if the plain text covers an individual's conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022); *see also United States v. Charles*, 159 F.4th 545, 547 (8th Cir. 2025).

### A.    *Heller*'s "common use for a lawful purpose" inquiry

Federal courts have debated the nature of *Heller*'s "common use for a lawful purpose" inquiry. *See, e.g.*, *Bianchi v. Brown*, 111 F.4th 438 (4th Cir. 2024). The Court therefore orders the parties to address whether *Heller*'s "common use for a lawful purpose" inquiry is a statistical inquiry, *see Bianchi*, 111 F.4th at 502 (Richardson, J., dissenting), or an inquiry to determine whether the weapon is "dangerous and unusual," *see e.g.*, *Barnett v. Raoul*, 756 F. Supp. 3d 564, 611–14 (S.D. Ill. 2024). Second, the Court orders the parties to address whether *Heller*'s "common use for a lawful purpose" inquiry belongs at *Bruen*'s first, or second step. Third, the Court orders the parties to address who bears the burden at *Bruen*'s first step.

### B.      Whether suppressors are "Arms" under the Second Amendment

Next, the Court orders the parties to address whether suppressors are "Arms" under the

original public meaning of the Second Amendment.  *United States v. Cox*, 906 F.3d 1170, 1186

(10th Cir. 2018) ("A silencer is a firearm accessory; it's not a weapon in itself (nor is it 'armour

of defence').");  *United States v. Hasson*, No. GJH-19-96, 2019 WL 4573424, at *4 (D. Md. Sept.

20, 2019) (holding that a "silencer is not an 'arm' or a "weapon" because it is not inherently

useful 'in case of confrontation' as a '[w]eapon of offence' or an 'armour of defence.'");  *see also*

*United States v. Arthur*, No. 7:22-CR-5-D, 2023 WL 12195529, at *7–8 (E.D.N.C. Jan. 17,

2023), *aff'd,* 160 F.4th 597 (4th Cir. 2025).

### C.      Whether the NFA is a presumptively constitutional shall-issue regime

Finally, relying on language from *Heller* and *Bruen*, the Fifth Circuit recently held that

the NFA's registration regime is "presumptively constitutional because it is a shall-issue regime."

*United States v. Peterson*, 161 F.4th 331, 337–342 (5th Cir. 2025).  The Court orders the parties

to address whether the NFA is a shall-issue regime, and if so, whether shall-issue regimes are

presumptively constitutional.  Second, assuming that the Fifth Circuit is correct that NFA's

registration regime is presumptively constitutional as a shall-issue regime, the Court orders the

parties to address whether ATF applied the NFA "toward abusive ends" through "exorbitant fees"

or "lengthy wait times" in this case.  *Bruen*, 597 U.S. at 38 n.9.

### III.     Supplemental briefing schedule

The Court orders Plaintiffs to file supplemental briefing addressing these issues no later

than March 31, 2026.  Defendants must respond no later than April 7, 2026.  And Plaintiffs may

file a reply no later than April 14, 2026.  The parties' supplemental briefing must be double-

spaced and no longer than 20 pages, inclusive of a table of contents and table of authorities.

Finally, Amici may file one joint brief in support of Plaintiffs and one joint brief in support of Defendants no later than April 24, 2026.  Amici's brief must be double-spaced and no longer than 10 pages, inclusive of a table of contents and table of authorities.

So ordered this 24th day of March 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE