UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS BROWN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01162-SRC |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Order

When Congress enacted the One Big Beautiful Bill Act, Pub. L. No. 119-21, 139 Stat. 72 (2025), the law in part reduced the National Firearms Acts's "excise tax for the majority of covered firearms to $0." Doc. 23 at ¶ 11. Plaintiffs argue that Congress exceeded its enumerated powers when it reduced the tax on most firearms to $0 but kept the NFA's registration scheme intact for these untaxed firearms. Doc. 1 at ¶¶ 81–87; doc. 24 at 25–35 (The Court cites to page numbers as assigned by CM/ECF.). Plaintiffs also argue that the NFA's regulation of short-barreled rifles and suppressors violates the Second Amendment. Doc. 1 at ¶¶ 88–97; doc. 24 at 35–51.

Because this suit raises several novel issues, the Court ordered supplemental briefing, doc. 64, and set oral argument on the parties' pending motions for summary judgment for June 18, 2026, at 10:00 a.m., doc. 77. The Court then continued oral argument until June 25, 2026, at 10:00 a.m. Doc. 79. The Court now orders the parties to be prepared to discuss the following topics at oral argument:

1.    Whether Plaintiffs' constitutional challenges are facial challenges, doc. 58 at 11–14, or facial and as-applied challenges, doc. 56 at 30.

1

2.    Whether the making and transfer registration requirements, 26 U.S.C. §§ 5812, 5822, as applied to untaxed firearms, 26 U.S.C. §§ 5811(a)(2), 5821(a)(2), aid in the collection of the special (occupational) tax, 26 U.S.C. § 5801, and its own attendant registration requirements, 26 U.S.C. § 5802, under the taxing power.

   a.    Is this question a question of fact, law, or a mixed question of law and fact?

      i.    If this question is a mixed question of law and fact, how should the Court evaluate a mixed question of law and fact on summary judgment?

   b.    Whether Congress, under the taxing power, can require compliance with the making and transfer registration requirements for persons other than those obligated to pay the special (occupational) tax, without requiring those persons to "pay money into the Federal Treasury[.]" *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 573–74 (2012).

3.    Whether the making and transfer registration requirements, 26 U.S.C. §§ 5812, 5822, as applied to untaxed firearms, 26 U.S.C. §§ 5811(a)(2), 5821(a)(2), are a necessary and proper means of implementing the special (occupational) tax, 26 U.S.C. § 5801.

   a.    Specifically, whether the making and transfer registration requirements are "rationally related" to implementing the special (occupational) tax and its attendant registration requirements.

2

*United States v. Sabri*, 326 F.3d 937, 949–50 (8th Cir. 2003) (interpreting "plainly adapted" as whether Congress's means were "rationally related" to achieving its end), *aff'd and remanded,* 541 U.S. 600 (2004); *see also United States v. Comstock*, 560 U.S. 126, 134 (2010) (citing *Sabri v. United States*, 541 U.S. at 605).

b. Whether, and to what extent, Eighth Circuit precedent comports with the Fifth Circuit's statement that it does "not read *Comstock* as modifying *McCulloch* to import some kind of rational basis test into the Necessary and Proper Clause." *See McNutt v. U.S. Dep't of Just.*, 173 F.4th 204, 218 n. 12 (5th Cir. 2026).

4. Whether short-barreled rifles are distinct from short-barreled shotguns under the Second Amendment.

a. How should the Court view the weight of authority that has held that short-barreled rifles are materially indistinguishable from short-barreled shotguns, which are not in common use for lawful purposes? *See* doc. 33 at 41; doc. 58 at 30–31.

b. Whether the Eighth Circuit placed *Heller*'s "in common use for a lawful purpose" inquiry at *Bruen*'s first or second step. *United States v. Charles*, 159 F.4th 545 (8th Cir. 2025).

5. Whether, and to what extent, the Second Amendment's protection of "Arms" extends to an arm's functional components.

3

a. Whether, and to what extent, silencers are necessary for the effective use of a firearm in the same way as, for example, magazines.

6. Whether, and to what extent, *Bruen*'s "Footnote 9" alters the two-step test the Supreme Court set out in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24, 39 n.9 (2022).

a. Whether a distinction exists between licensing and registration regimes. *See Heller v. D.C.*, 670 F.3d 1244, 1291–93 (D.C. Cir. 2011) ("*Heller II*") (Kavanaugh, J., dissenting).

i. If so, whether D.C.'s registration regime in *Heller II* is distinguishable from the NFA's registration regime.

b. Whether the NFA is a shall-issue registration regime.

Plaintiffs and Defendants will have 30 minutes each to address their respective motions for summary judgment. Plaintiffs will go first, and they may save no more than half their time for rebuttal.

So ordered this 1st day of June 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE