**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS BROWN; ALLEN MAYVILLE; PRIME PROTECTION STL, LLC D/B/A PRIME PROTECTION STL TACTICAL BOUTIQUE; NATIONAL RIFLE ASSOCIATION OF AMERICA; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; and AMERICAN SUPPRESSOR ASSOCIATION, | : : : : : : : : | |
| *Plaintiffs*, | : : | No. 4:25-cv-01162-SRC |
| v. | : : | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; ROBERT CEKADA, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and TODD W. BLANCHE, in his official capacity as Acting Attorney General of the United States, | : : : : : : : : | |
| *Defendants*. | : : | |

**<u>NOTICE OF SUPPLEMENTAL AUTHORITIES</u>**

Plaintiffs respectfully submit this Notice of Supplemental Authorities to alert the Court to two recent Supreme Court decisions that bear on the issues in this case: *United States v. Hemani*, 608 U.S. ----, <u>146 S. Ct. 1677</u> (2026) (attached as Exhibit A); and *Landor v. Louisiana Department of Corrections & Public Safety*, No. 23-1197, <u>2026 WL 1791277</u> (U.S. June 23, 2026) (attached as Exhibit B).

*Landor* supports Plaintiffs' argument that Congress's taxing power, supplemented by the Necessary and Proper Clause, cannot be stretched to support the challenged National Firearms Act ("NFA") provisions. Mot. for Summ. J. Br. at 14–16, ECF No. 24 (Nov. 14, 2025) ("MSJ Br."); Pls.' Combined Reply & Opp'n to Defs.' Mot. for Summ. J. at 4–12, ECF No. 56 (Jan. 21, 2026)

("Opp'n to Gov't MSJ"). The relevant question is whether the NFA's registration scheme is a necessary and proper means of carrying into execution the exercise of the tax power via the special occupational tax for dealers and manufacturers, and *Landor* indicates that the answer is "no." Just as allowing money damages suits against non-consenting officials would not be incidental to the spending power but rather would represent a dramatic expansion of congressional power, *Landor*, 2026 WL 1791277, at *9–11, so too would imposing a burdensome registration scheme on non-taxpayers to support the special occupational tax mark a dramatic expansion of congressional power and in principle allow Congress to regulate in minute detail the activities of untaxed Americans.

*Hemani* supports Plaintiffs' arguments that the NFA's regulation of suppressors and short-barreled rifles violate the Second Amendment: specifically, the argument that the NFA is a registration regime, not a shall-issue licensing regime, because licensing and registration are distinct concepts that cannot be conflated. Pls.' Mot. for Summ. J. Suppl. Br. at 18–20, ECF No. 65 (Mar. 31, 2026) ("Suppl. Br."); Pls.' Mot. for Summ. J. Suppl. Reply at 11–12, ECF No. 67 (Apr. 14, 2026) ("Suppl. Reply"). In *Hemani*, the Supreme Court carefully analyzed the "how" and the "why" of the proposed historical analogues that the government proffered. 146 S. Ct. at 1686–94. The "how" and the "why" of licensing and registration are different. Licensing is focused on ensuring that the person licensed is not disqualified from possessing arms, and it is typically a one-time process subject to renewal after a specified period. Registration, by contrast, focuses on tracking firearms and who owns them. These are distinct regulatory regimes, and even if the Second Amendment allows the former, that does not mean it allows the latter. *See Heller v. District of Columbia*, 670 F.3d 1244, 1291 (D.C. Cir. 2011) (Kavanaugh, J., dissenting); Suppl. Br. at 18–19; Suppl. Reply at 11.

Dated: July 14, 2026                              Respectfully Submitted,


                                                  /s/ David H. Thompson
                                                  David H. Thompson*
                                                  Peter A. Patterson*
                                                  John D. Ohlendorf
                                                  Nicholas A. Varone*
                                                  COOPER & KIRK, PLLC
                                                  1523 New Hampshire Avenue, N.W.
                                                  Washington, DC 20036
                                                  Tel: (202) 220-9600
                                                  dthompson@cooperkirk.com
                                                  ppatterson@cooperkirk.com
                                                  johlendorf@cooperkirk.com
                                                  nvarone@cooperkirk.com

                                                  *Admitted *pro hac vice*

                                                  *Attorneys for Plaintiffs*