**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

CHRIS BROWN; ALLEN MAYVILLE; PRIME    :
PROTECTION STL, LLC D/B/A PRIME       :
PROTECTION STL TACTICAL BOUTIQUE;   :
NATIONAL RIFLE ASSOCIATION OF AMERICA; :
FIREARMS POLICY COALITION, INC.;       :
SECOND AMENDMENT FOUNDATION; and   :
AMERICAN SUPPRESSOR ASSOCIATION,    :
                                    :

      *Plaintiffs*,                   :  No. 4:25-cv-01162-SRC
                                      :

v.                                       :
                                      :

BUREAU OF ALCOHOL, TOBACCO, FIREARMS :
AND EXPLOSIVES; ROBERT CEKADA, in     :
his official capacity as Director of the Bureau of   :
Alcohol, Tobacco, Firearms and Explosives;   :
UNITED STATES DEPARTMENT OF JUSTICE;  :
and TODD W. BLANCHE, in his official capacity as :
Acting Attorney General of the United States,   :
                                      :

      *Defendants*.                  :

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to alert the Court to a recent decision of the United States District Court for the Northern District of Texas that bears on the issues in this case: *Silencer Shop Foundation v. ATF*, No. 6:25-cv-056-H, 2026 WL 2255460 (N.D. Tex. Aug. 5, 2026) (attached as Exhibit A).

In *Silencer Shop*, a coalition of individuals, businesses, associations, and states, in two consolidated cases, challenged the NFA's regulatory provisions for untaxed firearms as in excess of Congress's Article I enumerated powers and as violating the Second Amendment. *Id.* at *1.. In a lengthy and detailed opinion, the court concluded that "[b]y zeroing out the transfer and making taxes for most NFA firearms, Congress eliminated the constitutional basis for the regulations that

formerly supported the taxes for those firearms." *Id.* "And because Congress enacted the challenged NFA provisions under the Taxing Clause only, the NFA cannot be retroactively justified under another power that Congress never invoked, such as its authority to regulate interstate commerce." *Id.* Accordingly, "the challenged NFA provisions exceed Congress's enumerated powers." *Id.* Because the court determined that the challenged NFA provisions are unconstitutional as in excess of Congress's enumerated powers, the court declined to reach the question of whether they also violated the Second Amendment. *Id.*

The challenges the *Silencer Shop* plaintiffs raised and the arguments the *Silencer Shop* defendants offered in response are nearly identical to those in this case. Consequently, Plaintiffs respectfully submit that the Northern District of Texas's careful analysis of the issues will aid this Court in resolving the parties' pending motions for summary judgment and, specifically, support Plaintiffs' arguments for granting their motion for summary judgment.

Dated: August 6, 2026          Respectfully Submitted,

<div style="margin-left:40%">

/s/ *David H. Thompson*
David H. Thompson*
Peter A. Patterson*
John D. Ohlendorf
Nicholas A. Varone*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
johlendorf@cooperkirk.com
nvarone@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

</div>

2