UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI *ex rel.* CATHERINE L. HANAWAY, Attorney General of the State of Missouri et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-01430-SRC |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES et al., | ) | |
| Defendants. | ) | |

**Order**

In August 2025, firearms owners, firearm-related membership organizations, and a federally licensed firearms dealer filed suit in this Court challenging provisions of the National Firearms Act of 1934 ("NFA"), 26 U.S.C. §§ 5801–5872. *See* Compl., *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:25-cv-01162-SRC (E.D. Mo. Aug. 1, 2025). Over a year later, on September 8, 2026, Plaintiffs filed suit challenging the same statutory scheme under the same provisions of the U.S. Constitution. *See* doc. 1 at 28–31 (The Court cites to page numbers as assigned by CM/ECF.). To avoid unnecessary costs and promote judicial efficiency, the Court, on its own motion, consolidates these cases under Federal Rule of Civil Procedure 42.

Rule 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "Whether to consolidate actions under Rule 42(a) is vested in the court's discretion, and the district court can consolidate actions sua sponte." *Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D 449, 450

(S.D. Iowa 2007) (citations omitted); *see also Williams v. Keen*, No. 4:21-cv-00534-SRC, doc. 9 at 1 (E.D. Mo. June 23, 2021).

This case and *Brown* both assert facial constitutional violations—under the taxing power and Second Amendment—against the same provisions of the same law. In both cases, Plaintiffs seek declaratory and injunctive relief related to enforcement of the NFA's registration requirements. And Plaintiffs here acknowledge that this case is "the same . . . or [] substantially equivalent" to *Brown*. *See* doc. 1-2. The Court therefore believes that consolidation would serve the interests of justice, avoid unnecessary costs, and promote judicial efficiency. Per the Local Rules, the Court will consolidate the cases into the lowest case number, *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*. *See* E.D.Mo. L.R. 4.03.

Accordingly, the Court orders that *State of Missouri ex rel. Hanaway v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:26-cv-01430-SRC (E.D. Mo.), is consolidated into *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:25-cv-01162-SRC (E.D. Mo.), for all remaining proceedings, and all future documents shall be filed in *Brown*. The Court orders Plaintiffs to, no later than October 7, 2026, either join in the *Brown* plaintiffs' pending motion for summary judgment or file their own motion for summary judgment. If Plaintiffs choose to file their own motion for summary judgment, they may not seek summary judgment on the same grounds presented by the *Brown* plaintiffs, but may only offer different grounds on which they assert the court should grant summary judgment. Any memorandum in support of, or in opposition to, such motion may not exceed fifteen pages. *See* E.D.Mo. L.R. 4.01(D). If Plaintiffs file their own motion, Defendants may respond no later than fourteen days after filing, and both Plaintiffs here and the *Brown* plaintiffs may reply no later than ten days after Defendants file their opposition briefs.

The Court also directs the Clerk of Court to (i) docket a copy of Plaintiffs' complaint from *State of Missouri ex rel. Hanaway v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:26-cv-01430-SRC (E.D. Mo.) in *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:25-cv-01162-SRC (E.D. Mo.); (ii) docket a copy of this Order in *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:25-cv-01162-SRC (E.D. Mo.); and (iii) administratively close this case.

So ordered this 16th day of September 2026.

SLR.CR

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE