IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STATE OF MISSOURI *ex rel.* CATHERINE L. HANAWAY, ATTORNEY GENERAL OF MISSOURI, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-01430-SRC<br>Consolidated with 4:25-cv-01162-SRC |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al., | ) | |
| Defendants. | ) | |

**RESPONSE TO THE COURT'S ORDER**

On September 16, 2026, this Court ordered *Missouri* Plaintiffs to "either join in the *Brown* [*v. Bureau of Alcohol, Tobacco, Firearms and Explosives*] plaintiffs' pending motion for summary judgment or file their own motion for summary judgment" based on different grounds than the *Brown* plaintiffs. Doc. 103 at 2.[1] Plaintiffs join the *Brown* plaintiffs' pending motion for summary judgment in full and submit this brief response to address the relief that *Missouri* Plaintiffs seek and their standing.

## I. Background

In early September, the State of Missouri and Dave Marshak filed this lawsuit seeking to enjoin Defendants from enforcing unconstitutional regulation of certain firearms under the National Firearms Act. *See* Doc. 104. This Court then consolidated this case with *Brown* given the substantial overlap of the two cases. *See* Doc. 103. Following consolidation, Plaintiffs filed

[1] Plaintiffs cite to documents in *Brown v. Bureau of Alcohol, Tobacco, Firearms, & Explosives* unless otherwise noted.

an amended complaint, asserting the same claims (and seeking the same relief) but adding additional States as plaintiffs. *See* Doc. 107. Plaintiff States now include Missouri, Kansas, Florida, Georgia, Iowa, Nebraska, New Hampshire, Ohio, Oklahoma, South Dakota, and Utah. *See id.*

## II. Relief Sought

*Missouri* Plaintiffs claim that the challenged NFA provisions exceed Congress's enumerated powers and violate the Second Amendment. *Id.* ¶¶ 111–30. *Missouri* Plaintiffs seek both facial and as applied relief against Defendants. *See, e.g.*, *id.* ¶¶ 116, 129, Prayer for Relief A. And they ask this Court to enjoin Defendants from enforcing the challenged provisions against Plaintiffs; against Missouri's, Florida's, Iowa's, New Hampshire's, and Ohio's state agencies, political subdivisions, and employees; and throughout Plaintiff States and the United States. *Id.* at 23–33.

## III. Standing

To have standing, a plaintiff must face or have suffered an injury traceable to the challenged conduct of the defendant and that is redressable by a favorable decision. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992). Each of the *Missouri* Plaintiffs has suffered an injury traceable to the challenged provisions that will be redressed by a favorable decision; accordingly, they have standing to assert their enumerated-powers and Second Amendment claims.

First, Individual Plaintiff Dave Marshak has standing. He is a Missouri citizen who wishes to possess, make, and transfer untaxed NFA firearms. Ex. 1, Marshak Decl. ¶¶ 1, 4, 15. To do so, Marshak would have to comply with the challenged provisions. *Id.* ¶¶ 6–12. But those provisions are onerous and unconstitutional, requiring Marshak to disclose personally identifying

information, incur time and monetary costs, and forego his personal privacy. *Id.*; *see also* Ex. 3, Carlson Decl. ¶¶ 10–11, 13. If Marshak refused to comply with the challenged provisions but nevertheless possessed, made, or transferred untaxed NFA firearms, he could suffer significant fines or imprisonment. *Id.* ¶ 12. Marshak refuses to possess, make, or transfer untaxed NFA firearms while the challenged provisions remain operative. *Id.* ¶ 13. The challenged provisions therefore injure Marshak because he is a direct object of them, they subject him to burdens that prevent him from engaging in an activity that he wishes to engage in, and they infringe upon his constitutional rights. These injuries are fairly traceable to the challenged provisions, and Marshak's injuries would be redressed by the requested relief. Thus, Marshak has standing to assert his claims.

Second, Plaintiff States have standing too. All Plaintiff States have "sue[d] to vindicate [their] sovereign, quasi-sovereign, and proprietary interests, including [their] interest[s] in protecting [their] citizens, businesses, and employees." Doc. 107 ¶¶ 8, 23–32.

The challenged provisions injure Plaintiff States' sovereign interest in "the power to create and enforce a legal code, both civil and criminal." *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982). "Pursuant to that interest," Plaintiff States "have standing based on (1) federal assertions of authority to regulate matters they believe they control, (2) federal preemption of state law, and (3) federal interference with the enforcement of state law." *Texas v. United States*, 809 F.3d 134, 153 (5th Cir. 2015). An unconstitutional federal statute or regulation operates to unconstitutionally displace any state laws to the contrary.

Plaintiff States have no state registration requirements for nontaxed NFA firearms. For example, Missouri allows individuals to possess, manufacture, and sell short-barreled rifles,

short-barreled shotguns, and silencers so long as doing so complies with federal law. *See* Mo. Rev. Stat. § 571.020; *see also* Ga. Code. Ann. § 16-11-124(4); Ohio Rev. Code § 2923.17. But the challenged provisions interfere with the enforcement of this pro-gun policy by imposing unconstitutional hurdles to possessing, making, and transferring short-barreled rifles and shotguns and silencers. *See, e.g.*, Doc. 24 at 25–51 (explaining why the challenged provisions exceed Congress's enumerated powers and violate the Second Amendment). Other states, like Kansas, have eliminated all requirements for possessing untaxed NFA firearms. *See, e.g.*, HB 2501, 2026 Kan. Sess. L. ch. 101 (April 9, 2026). Thus, the challenged provisions injure Plaintiff States' sovereign interest in creating and enforcing a legal code. This injury is fairly traceable to the enforcement of the challenged provisions and would be redressed by an injunction prohibiting Defendants from enforcing the challenged provisions throughout Plaintiff States and the United States.

Further, the challenged provisions cause injure Plaintiff States's "quasi-sovereign interest in the health and 'economic well-being' of their populaces." *Kentucky v. Biden*, 23 F.4th 585, 599 (6th Cir. 2022). For example, the challenged provisions cause an economic injury to Plaintiff States Missouri, Kansas, Florida, Iowa, Nebraska, Oklahoma, South Dakota, and Utah because they cause decreased sales tax revenues. These states have a quasi-sovereign interest in defending their economies from negative ramifications of unconstitutional provisions. *See, e.g.*, *id.* at 601–02. They impose a sales tax on these firearms. Mo. Rev. Stat. § 144.020.1(1); K.S.A. § 79-3603; Fla. Stat. § 212.05(1)(a); Iowa Code § 423.2.1; Neb. Rev. Stat. § 77-2703; Okla. Stat. Ann. Tit. 68, § 1354(A)(1); S.D. Codified Laws § 10-45-2; Utah Code Ann. § 59-12-103(1)(a). Individuals in these states forego purchasing short-barreled shotguns, short-barreled rifles, and suppressors

because of the challenged provisions' onerous requirements. *See, e.g.*, Ex. 1, Marshak Decl. ¶ 13; Ex. 3, Carlson Decl. ¶ 13. These states therefore suffer economic injury from the challenged provisions in the form of decreased sales tax revenues. This injury is fairly traceable to Defendants' continued enforcement of the unconstitutional challenged provisions and would be redressed by an injunction prohibiting Defendants from enforcing the challenged provisions throughout Missouri, Kansas, Florida, Iowa, Nebraska, Oklahoma, South Dakota, Utah, and the United States.

Finally, Plaintiff States Missouri, Florida, Iowa, Nebraska, New Hampshire, and Ohio are injured as direct objects of the challenged provisions.[2] These states, their agencies and subdivisions, and their employees possess and transfer untaxed NFA firearms. Ex. 2, White Decl. ¶ 3. To do so, they must comply with the NFA because it does not provide them an exception. *Id.* ¶ 4. These States must and will continue to possess and transfer untaxed NFA firearms because doing so is necessary to their law-enforcement responsibilities. *Id.* ¶ 3. Accordingly, Missouri, Florida, Iowa, New Hampshire, and Ohio are injured because they are direct objects of the challenged provisions. These injuries are fairly traceable to the challenged provisions and would be redressed by the relief sought in this case.

---

[2] Plaintiff States Kansas, Georgia, Oklahoma, South Dakota, and Utah are direct objects of the challenged provisions too, but they obtained injunctive relief as to their state agencies and political subdivisions in *Silencer Shop Foundation v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*. No. 6:25-CV-056-H, 2026 WL 2255460, at *30 (N.D. Tex. Aug. 5, 2026). Thus, they do not seek injunctive relief as to those entities.

## IV. Conclusion

For these reasons and those stated in *Brown* plaintiffs' motion for summary judgment briefing, *Missouri* Plaintiffs respectfully request that the Court grant *Missouri* Plaintiffs' summary judgment; enter a declaratory judgment that the challenged provisions and regulations are unconstitutional and unenforceable; and permanently enjoin Defendants from enforcing the challenged provisions against Plaintiffs; against Plaintiff States Missouri's, Florida's, Iowa's, New Hampshire's, and Ohio's state agencies, political subdivisions, and employees; throughout Plaintiff States; and throughout the United States.

Dated: September 24, 2026

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Louis J. Capozzi III*
Louis J. Capozzi III, #77756MO
*Solicitor General*
William J. Seidleck, #77794MO
*Principal Deputy Solicitor General*
Ryan Dugan, #77805MO
*Assistant Solicitor General*

Missouri Attorney General's Office
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (573) 645-9662
Fax: (573) 751-0774
Louis.Capozzi@ago.mo.gov
William.Seidleck@ago.mo.gov
Ryan.Dugan@ago.mo.gov

*Counsel for State of Missouri and Dave Marshak*

JAMES UTHMEIER
*Attorney General of Florida*

*/s/ Caleb A. Stephens*
David M.S. Dewhirst
*Solicitor General*
Jason J. Muehlhoff
*Chief Deputy Solicitor General*
Caleb A. Stephens *
*Assistant Solicitor General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 414-2672 (fax)
caleb.stephens@myfloridalegal.com
jenna.hodges@myfloridalegal.com
*Counsel for State of Florida*

CHRISTOPHER M. CARR
Attorney General of Georgia

*/s/ Elijah J. O'Kelley*
Elijah J. O'Kelley*
Principal Deputy Solicitor General
OFFICE OF THE GEORGIA ATTORNEY GENERAL
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov
*Counsel for Plaintiff State of Georgia*

BRENNA BIRD
Attorney General of Iowa

*/s/ Eric H. Wessan*
Eric H. Wessan*
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
*Counsel for State of Iowa*

KRIS KOBACH
Attorney General of Kansas

*/s/ James R. Rodriguez*
James R. Rodriguez*
Deputy Attorney General
Office of Kansas Attorney General Kris W. Kobach
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Tel.: (785) 368-8197
Jay.Rodriguez@ag.ks.gov
*Counsel for State of Kansas*

MICHAEL T. HILGERS
Nebraska Attorney General

/s/ Cody S. Barnett
Cody S. Barnett*
Solicitor General
Nebraska Department of Justice
1445 K Street, Room 2115
Lincoln, Nebraska 68508
Tel.: (402) 471-2683
Fax: (402) 471-3297
cody.barnett@nebraska.gov
*Counsel for State of Nebraska*
JOHN FORMELLA

JOHN FORMELLA
Attorney General of New Hampshire

*/s/ Sam M. Gonyea*
Sam M. Gonyea, New Hampshire Bar No. 273264*
Senior Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
*Counsel for State of New Hampshire*

D. ANDREW WILSON
Ohio Attorney General

*/s/ Mathura J. Sridharan*
MATHURA J. SRIDHARAN*
Ohio Solicitor General
Office of the Ohio Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
Mathura.Sridharan@ohioago.gov
*Counsel for the State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II*
Office of Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
405-521-3921
405-521-4518
Garry.Gaskins@oag.ok.gov
*Counsel for the State of Oklahoma*

MARTY JACKLEY
ATTORNEY GENERAL OF
SOUTH DAKOTA

*/s/ Grant M. Flynn*
Grant M. Flynn*
Assistant Attorney General
Office of the Attorney General
State of South Dakota
1302 S.D. Hwy. 1889, Suite #1
Pierre, SD 57501
(605) 773-3215
*Counsel for the State of South Dakot*

DEREK BROWN

Attorney General of Utah

*/s/ Andrew Dymek*
ANDREW DYMEK*
Solicitor General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 E. 300 S., 5th floor
Salt Lake City, Utah 84111
adymek@agutah.gov

*Counsel for the State of Utah*

*Pro Hac Vice Forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, a true and accurate copy of the foregoing was electronically filed by using the Court's CM/ECF system to be served on all counsel of record entered in the case.

*/s/ Louis J. Capozzi III*