IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHRIS BROWN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01162-SRC |
| | ) | Consolidated with 4:26-cv-01430-SRC |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**_MISSOURI_ PLAINTIFFS' RESPONSE TO**
**THE COURT'S SUPPLEMENTAL BRIEFING ORDER**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 1

ARGUMENT ........ 3

I. The *Silencer Shop* Plaintiff States have standing. ........ 3

II. The *Silencer Shop* Plaintiff States' claims are not precluded. ........ 7

III. Statewide relief is necessary to redress sovereign and pocketbook injuries. ........ 9

IV. The *Missouri* Plaintiffs' Amended Complaint is valid. ........ 10

CONCLUSION ........ 11

**TABLE OF AUTHORITIES**

**Cases**

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*,
458 U.S. 592 (1982) .......... 4, 5, 9

*Baker Group, L.C. v. Burlington Northern & Santa Fe Railway Co.*,
228 F.3d 883 (8th Cir. 2000) .......... 8

*Costner v. URS Consultants, Inc.*,
153 F.3d 667 (8th Cir. 1998) .......... 7, 9

*Department of Commerce v. New York*,
588 U.S. 752 (2019) .......... 6

*El Paso County v. Trump*,
982 F.3d 332 (5th Cir. 2020) .......... 6

*FBI v. Fikre*,
601 U.S. 234 (2024) .......... 7

*Friends of the Earth, Inc. v. Laidlaw Environmental Services*,
528 U.S. 167 (2000) .......... 7

*Holmes v. Bax*,
187 F.4th 1028 (8th Cir. 2026) .......... 10

*In re Polaris Marketing, Sales Practices & Products Liability Litigation*,
9 F.4th 793 (8th Cir. 2021) .......... 10

*Kentucky v. Biden*,
23 F.4th 585 (6th Cir. 2022) .......... 5

*Lawlor v. National Screen Service Corp.*,
349 U.S. 322 (1955) .......... 8

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Group Inc.*,
590 U.S. 405 (2020) .......... 9

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......... 7

*Massachusetts v. Mellon*,
262 U.S. 447 (1923) .................... 5

*Pennsylvania v. Kleppe*,
533 F.2d 668 (D.C. Cir. 1976) .................... 6

*Silencer Shop Foundation v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
2026 WL 2255460 (N.D. Tex. Aug. 5, 2026) .................... 6

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .................... 4

*State of Iowa ex rel. Miller v. Block*,
771 F.2d 347 (8th Cir. 1985) .................... 6

*Texas v. United States*,
809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 579 U.S. 547 (2016) .................... 5

*Trump v. CASA, Inc*,
606 U.S. 831 (2025) .................... 7

*United States v. Texas*,
599 U.S. 670 (2023) .................... 6

*Whole Woman's Health v. Hellerstedt*,
579 U.S. 582 (2016) .................... 8

*Wyoming ex rel. Crank v. United States*,
539 F.3d 1236 (10th Cir. 2008) .................... 5

*Wyoming v. Oklahoma*,
502 U.S. 437 (1992) .................... 6

**Statutes**

26 U.S.C. § 5845(e) .................... 3

68 Okla. Stat. § 1354 .................... 5

Fla. Stat. § 212.05(1)(a) .................... 5

K.S.A. 79-3603 .................... 5

Mo. Rev. Stat. § 144.020.1(1) ........ 5

Neb. Rev. Stat. § 77-2703 ........ 5

SDCL § 10-45-2 ........ 5

Utah Code § 59-12-103 ........ 5

**Rules**

Fed. R. Civ. P. 15(a)(1) ........ 10

Fed. R. Civ. P. 20(a)(1) ........ 10

Fed. R. Civ. P. 21 ........ 10

## INTRODUCTION

On September 8, 2026, the State of Missouri and Dave Marshak filed a complaint against Defendants, alleging that several provisions of the National Firearms Act of 1934 ("NFA") violate the U.S. Constitution. *See* Doc. 104. On September 16, the Court consolidated *Missouri* with *Brown v. ATF*, which challenged the same NFA provisions. Doc. 103. The Court ordered the *Missouri* Plaintiffs to either join the pending motion for summary judgment in *Brown* or move for summary judgment on grounds different from those relied on by the *Brown* Plaintiffs. *Id.* Eight days later, the *Missouri* Plaintiffs amended their complaint to add ten additional State Plaintiffs: Florida, Georgia, Iowa, Kansas, Nebraska, New Hampshire, Ohio, Oklahoma, South Dakota, and Utah. Doc. 107. And they filed a supplemental brief joining the pending motion for summary judgment, detailing their specific standing and requested relief. Doc. 108.

On September 30, the Court noted that Plaintiff States Georgia, Kansas, Oklahoma, South Dakota, and Utah ("*Silencer Shop* Plaintiff States") obtained injunctive relief in *Silencer Shop Foundation v. ATF* and ordered the parties to submit supplemental briefing addressing the standing of the *Silencer Shop* Plaintiff States, as well as whether the amended complaint is valid. Doc. 109. Defendants filed a supplemental brief on October 7. Doc. 114. Defendants contested standing, but they acknowledged that the Missouri Plaintiffs properly amended their complaint. *Id.* at 5. All Plaintiffs, including the *Silencer Shop* Plaintiff States, submit this brief in response and ask the Court to find that all Plaintiff States have standing, none of their claims are precluded, and the Amended Complaint is valid.

## BACKGROUND

In *Silencer Shop Foundation v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, the States of Texas, Alaska, Georgia, Idaho, Indiana, Kansas, Louisiana, Montana, North Dakota,

Oklahoma, South Carolina, South Dakota, Utah, West Virginia, and Wyoming, as well as an array of commercial, association, and individual plaintiffs, challenged the same NFA provisions at issue in this case, on the grounds that those provisions exceed Congress's authority under the taxing power. *See generally* No. 6:25-cv-056-H, 2026 WL 2255460 (N.D. Tex. Aug. 5, 2026). While the Complaint also alleged that the NFA provisions violate the Second Amendment, those claims were not adjudicated. *See id.* at *1, *30. The *Silencer Shop* Plaintiff States based their standing on the NFA provisions' imposition of "operational, administrative, and compliance-related costs and burdens on State agencies." Am. Compl. ¶ 54, *Silencer Shop* (attached as Ex. A). The court took judicial notice of these injuries and held they established the standing of each of the States. *Silencer Shop*, 2026 WL 2255460, at *29–30.

On August 5, 2026, the *Silencer Shop* court issued a permanent injunction that enjoined Defendants and their agents from enforcing the challenged provisions of the NFA "against the plaintiffs and, where applicable, the plaintiffs' agencies, political subdivisions, members, and customers—both current and future." *Id.* at *30. While the court treated the claims before it as facial challenges, it noted that "it effectively grants as-applied relief no matter how the plaintiffs' claims are categorized." *Id*. at *9. And the court proceeded to provide relief only to "those [Plaintiff] states, their agencies, and their political subdivisions." *Id*. at *30.

Following the issuance of the court's order, the *Silencer Shop* Plaintiff States learned that Defendants continued to enforce, within those States' borders, the unconstitutional provisions of the NFA against state residents who are not covered by the injunction (*i.e.*, those individuals who are not members of the *Silencer Shop* plaintiff associations); thus, the *Silencer Shop* Plaintiff States moved to clarify the scope and requirements of the Court's injunction. *See* Pl. States' Mot. for Clarification of Scope of Inj. Relief, *Silencer Shop Found. v. ATF*, No. 6:25-cv-056-H (N.D. Tex.

Sept. 11, 2026), Doc. 144 (attached as Ex. B). As described in that motion, Defendants also continue to enforce the unconstitutional NFA provisions against individuals who *are* covered by the injunction but who are not aware of the existence of the injunction or who are unable to rely on the injunction because Defendants had not publicly acknowledged its existence, explained its general application, or informed any person that registration is not required for a particular purchase or sale of an NFA firearm. *Id*. at 6.

On October 9, Defendants issued an "Open Letter" in which they stated that the Department of Justice would exercise its enforcement discretion and "will no longer require individuals to seek ATF approval under the NFA before making or transferring short-barreled rifles, short-barreled shotguns, silencers, and 'any other weapon[s]' as defined in 26 U.S.C. § 5845(e)." Ex. C (alteration in original). And it will no longer register the firearms in the national registration system. *Id*.

Despite the Open Letter, Defendants responded to the *Silencer Shop* Plaintiff States' motion to clarify on October 12 opposing any interpretation of the *Silencer Shop* injunction that would apply statewide to the *Silencer Shop* Plaintiff States. *See* Defs.' Resp. to State Pls.' Mot. to Clarify the Court's Permanent Inj. at 3–5, *Silencer Shop Found. v. Bur. of Alcohol, Tobacco, Firearms & Explosives*, No. 6:25-cv-56-H, Doc. 147 (attached as Ex. D). Defendants also argued that their recently issued guidance rendered clarification of the injunction unnecessary. *Id.* at 2–3. As of the date of this filing, the *Silencer Shop* court has not ruled on the *Silencer Shop* Plaintiff States' motion for clarification.

## ARGUMENT

### I. The *Silencer Shop* Plaintiff States have standing.

The *Silencer Shop* Plaintiff States have standing for the reasons stated in their Response to Court Order. *See* Doc. 108. To show Article III standing, a plaintiff "must have (1) suffered an

injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The *Silencer Shop* Plaintiff States have suffered injuries in fact, traceable to Defendants' conduct. As described above, since the close of *Silencer Shop*, Defendants have enforced unconstitutional NFA provisions in a variety of ways against the residents of the *Silencer Shop* Plaintiff States. Defendants' enforcement actions injure the sovereign interests of those States in creating and enforcing a legal code. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982). An unconstitutional federal statute or regulation operates to unconstitutionally displace any state laws to the contrary: while the challenged NFA registration requirements are in effect, no state laws providing for possession without registration can be effective. And the *Silencer Shop* Plaintiff States, like all the Plaintiff States, have attempted to establish firearm registration requirements that apply uniformly to all residents of the States. *See, e.g.,* S. Sub. for H.B. 2501, 2026 Leg., Reg. Sess. (Kan. 2026) (effective July 1, 2026) (eliminating state-law requirement that suppressors and short-barreled shotguns be registered under the NFA); S.B. 2, 2026 Leg., 101st Sess. (S.D. 2026) (effective July 1, 2026) (eliminating state-law requirement that suppressors be registered under the NFA).

Since the *Silencer Shop* injunction was issued, some residents covered by the injunction—for example, members of the *Silencer Shop* association Plaintiffs, like Gun Owners of America—are exempt from federal registration requirements, while others in the same States are not. That disparate federal enforcement of the NFA registration requirements in the Plaintiff States interferes with those States' authority to regulate firearm possession. Accordingly, the *Silencer Shop* Plaintiff States, like all the Plaintiff States, have standing based on "federal assertions of authority

to regulate matters they believe they control" and "federal interference with the enforcement of state law." *Texas v. United States*, 809 F.3d 134, 153 (5th Cir. 2015), *aff'd by an equally divided Court*, 579 U.S. 547 (2016).

Defendants mischaracterize these sovereign injuries as third-party *parens patriae* claims, which are foreclosed against the federal government because it is the federal government, not the States, that represents the citizens. *See Massachusetts v. Mellon*, 262 U.S. 447, 486 (1923); *Kentucky v. Biden*, 23 F.4th 585, 596–98 (6th Cir. 2022); Doc. 114 at 3–4. But the States' sovereign injuries are direct injuries to the States. This is the same interest the Tenth Circuit found established state standing in *Wyoming ex rel. Crank v. United States*, 539 F.3d 1236, 1241–42 (10th Cir. 2008), where Wyoming challenged ATF's ban on firearm possession by state residents whose otherwise disqualifying criminal convictions were expunged under state law. *Id.* (finding standing based on Wyoming's "legally protected sovereign interest in . . . 'the power to create and enforce a legal code'" (quoting *Snapp*, 458 U.S. at 601)).

In addition to these sovereign injuries, *Silencer Shop* Plaintiff States Kansas, Oklahoma, South Dakota, and Utah are each injured by the reduced sales tax revenues that occur as a result of Defendants' enforcement of the unconstitutional statutes. Each State collects taxes on the sale of firearms. *See* K.S.A. 79-3603, 68 Okla. Stat. § 1354, SDCL § 10-45-2, Utah Code § 59-12-103.[1] And the States do not require registration in order to possess some NFA firearms. Thus, the NFA's onerous and invasive requirements are the only barrier to possession and they directly limit the sales of suppressors, short-barreled rifles or short-barreled shotguns, which reduces the revenue each State collects in sales tax. For example, in Kansas, the amount of tax revenue lost from every

[1] Missouri, Florida, Iowa, and Nebraska, suffer the same injuries. *See* Mo. Rev. Stat. § 144.020.1(1); Fla. Stat. § 212.05(1)(a); Iowa Code § 423.2.1; Neb. Rev. Stat. § 77-2703.

sale that does not occur is from $19 to $65 per suppressor. *See* Doc. 107-3, Carlson Decl. ¶¶ 6, 7.[2] This injury is directly traceable to Defendants' continued enforcement of the unconstitutional provisions of the NFA.

Defendants claim these revenue injuries are foreclosed by *State of Iowa ex rel. Miller v. Block*, 771 F.2d 347 (8th Cir. 1985). But that case concerned only indirect effects on the state economy, which amounted to a "generalized grievance about the conduct of government." *Id*. at 353 (quoting *Pennsylvania v. Kleppe*, 533 F.2d 668, 672 (D.C. Cir. 1976); *cf. El Paso Cnty. v. Trump*, 982 F.3d 332, 339 (5th Cir. 2020) ("[L]oss of general tax revenues as an indirect result of federal policy is not a cognizable injury . . . ."). Similarly, *United States v. Texas*, which Defendants also cite, says only that indirect fiscal effects *may* be too attenuated, not that they always are. *See* 599 U.S. 670, 680 n.3 (2023). When there is a direct injury in the form of a specific tax revenue, however, standing exists. *See Wyoming v. Oklahoma*, 502 U.S. 437, 448 (1992). And although the revenue loss here operates through the purchasing decisions of state residents, standing may rest on "the predictable effect of Government action on the decisions of third parties." *Dep't of Com. v. New York*, 588 U.S. 752, 768 (2019). Here, the Plaintiff States meet that standard by showing that a specific revenue source—taxes on the sale of firearms—is predictably reduced by the barriers and burdens the NFA registration requirements impose on prospective purchasers of taxed firearms. *See* Doc. 107-3, Carlson Decl. ¶¶ 14–20; Doc. 107-1, Marshak Decl. ¶¶ 13–16.

Finally, it is important to note that while *Missouri* Plaintiffs welcome Defendants' plan to end enforcement of the challenged NFA provisions nationwide, Ex. C, this exercise of prosecutorial discretion does not affect Plaintiffs' standing or moot the claims at issue. Standing

---

[2] Though this declaration was executed in Kansas, there is no reason to limit its application to the State of Kansas. Contra Defendants' claim that several of the Plaintiff States submitted no evidence of standing, the Carlson Declaration is unrebutted evidence of the effect Defendants' conduct has on the sale of firearms throughout the Plaintiff States.

is determined at the time of filing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed.*" (emphasis in original) (cleaned up)). And when a defendant voluntary ceases its conduct, a case is only moot if the defendant bears its "formidable burden" of proving that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs.,* 528 U.S. 167, 190 (2000); *FBI v. Fikre*, 601 U.S. 234, 241 (2024). Defendants cannot meet their formidable burden here: Because ATF could reinstate enforcement at any time, including in a subsequent presidential administration, this case is not moot.

## II. The *Silencer Shop* Plaintiff States' claims are not precluded.

The *Silencer Shop* Plaintiff States' claims are not precluded. Preclusion requires that "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action"; additionally "the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). The claims raised by the *Silencer Shop* Plaintiff States are not based on the same cause of action, and those States did not have a full and fair opportunity to litigate them in *Silencer Shop*. Thus, they are not precluded from raising them here.[3]

*Silencer Shop* held that the NFA provisions challenged here are unconstitutional. But it confined its relief to the parties, following *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), and confined its relief to the injuries the plaintiffs established when they filed. The injuries the *Silencer Shop*

[3] The *Silencer Shop* Plaintiff States' pending motion for clarification in *Silencer Shop* asks the court what its judgment means; it has no relevance to claim preclusion.

Plaintiff States assert here were never before the *Silencer Shop* court and could not have been, as they are based on Defendants' post-judgment conduct. Defendants nonetheless invoke that judgment to bar the States from challenging Defendants' continued post-judgment enforcement of provisions a federal court has held unconstitutional. That judgment, however, "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955). Holding otherwise would give Defendants what *Lawlor* forbids: immunity for future unconstitutional conduct, earned by losing.

First, a final judgment does not bar claims based on the defendant's later conduct. *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 601 (2016) (developments after a judgment can give rise to a new claim); *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000). The *Silencer Shop* Plaintiff States' claims arise from new facts that did not exist when *Silencer Shop* was decided: Defendants' post-judgment choice to continue enforcing, against some state residents and not others, NFA provisions that a federal court has held unconstitutional, producing both new revenue injuries and new sovereign injuries.

Second, the *Silencer Shop* Plaintiff States could not have litigated their pocketbook and sovereign injuries in *Silencer Shop*. After filing, the *Silencer Shop* court limited relief to the injuries pleaded by the States at the outset, which the court held rested only on agency compliance costs. After judgment, Defendants continued to enforce the challenged NFA provisions within the States—the *Silencer Shop* Plaintiff States clearly could not have sued on the basis of enforcement that had not yet occurred. The sovereign injury thus arises for the *Silencer Shop* Plaintiff States as a result of the *Silencer Shop* injunction. While the court's judgment protects the States as purchasers of NFA firearms, Defendants' conduct interferes with the States' "power to create and

enforce a legal code." *Snapp,* 458 U.S. at 601. Defendants' patchwork enforcement of the unconstitutional laws against some residents of the State, including against some who may be covered by the *Silencer Shop* injunction, destroys the States' ability to apply a uniform rule of total deregulation of purchases of any NFA firearms. That interference could not have been alleged when the States joined the *Silencer Shop* complaint in 2025. The *Silencer Shop* Plaintiffs therefore did not have a "full and fair opportunity to litigate" those claims. *Costner*, 153 F.3d at 673.

Nor could the States have alleged reduced tax revenue injuries. Since the judgment in *Silencer Shop*, it is apparent that Defendants' continued enforcement of the NFA against some residents reduces tax revenues. *See* Doc. 107-3, Carlson Decl. ¶¶ 14–20; Doc. 107-1, Marshak Decl. ¶¶ 13-16. And in both Kansas and South Dakota, deregulation of certain NFA firearms was enacted after the States moved for summary judgment in *Silencer Shop* on October 7, 2025, so no revenue injury could have been claimed. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp. Inc.*, 590 U.S. 405, 414–15 (2020) ("Claim preclusion generally does not bar claims that are predicated on events that postdate the filing of the initial complaint." (internal quotations omitted)). The present claims therefore "are independent of each other and seek to redress different injuries resulting from distinct conduct," so there is no preclusion. *Costner*, 153 F.3d at 674.

Finally, the *Silencer Shop* Plaintiff States' Second Amendment claim, like their other claims, rests on Defendants' post-judgment enforcement and is not precluded for the same reasons.

## III. Statewide relief is necessary to redress sovereign and pocketbook injuries.

As the Plaintiff States' injuries are (1) injuries suffered by the States and (2) are caused by Defendants' enforcement of the NFA against some state residents and not others, the only redress for this injury is a statewide injunction that restores a uniform firearm registration policy in the Plaintiff States. Such relief would be no "broader than necessary to provide complete relief to

each plaintiff with standing to sue." *Holmes v. Bax*, 187 F.4th 1028, 1050 (8th Cir. 2026) (internal quotations omitted).

**IV. The *Missouri* Plaintiffs' Amended Complaint is valid.**

The Federal Rules of Civil Procedure provide for an amendment to a complaint, without leave of the Court or opposing party, so long as the amendment is filed within twenty-one days of serving the complaint. *See* Fed. R. Civ. P. 15(a)(1). The Rules further provide for the permissive joinder of parties when Plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Joinder is appropriate even when plaintiffs seek different relief, as the Court "may grant judgment to one or more plaintiffs according to their rights." *Id*. at 20(a)(3). Defendants concede that *Missouri* Plaintiffs complied with the Federal Rules of Civil Procedure. Doc. 114 at 1, 5. Further, because all parties have standing and the Amended Complaint appropriately joined additional Plaintiffs, the Amended Complaint is valid.

If, however, the Court determines that the *Silencer Shop* Plaintiff States lack standing, that would not affect the validity of the Amended Complaint. When a plaintiff lacks standing and is dismissed from a case, that does not require the dismissal of the case with respect to remaining plaintiffs who have established standing. *See, e.g.*, *In re Polaris Mktg., Sales Pracs. & Prods. Liab. Litig.*, 9 F.4th 793, 795–96 (8th Cir. 2021) (upholding dismissal of seven plaintiffs who lacked standing, while seven additional plaintiffs remained in the case). Nor would the validity of the complaint be affected by any misjoinder of additional Plaintiff States, as "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Accordingly, even if the Court

were to find that the *Silencer Shop* Plaintiff States lack standing or are precluded, the Court should allow the remaining Plaintiffs to proceed.

## CONCLUSION

For the foregoing reasons, the Court should find that all Plaintiff States have standing and none of the claims are precluded, and deny Defendants' requested dismissal of the *Silencer Shop* Plaintiff States.

Dated: October 14, 2026

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ William J. Seidleck*
Louis J. Capozzi III, #77756MO
*Solicitor General*
William J. Seidleck, #77794MO
*Principal Deputy Solicitor General*
Ryan Dugan, #77805MO
*Assistant Solicitor General*

Missouri Attorney General's Office
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (573) 645-9662
Fax: (573) 751-0774
Louis.Capozzi@ago.mo.gov
William.Seidleck@ago.mo.gov
Ryan.Dugan@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

JAMES UTHMEIER
*Attorney General of Florida*

*/s/ Caleb A. Stephens*
David M.S. Dewhirst
*Solicitor General*
Jason J. Muehlhoff
*Chief Deputy Solicitor General*
Caleb A. Stephens *
*Assistant Solicitor General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 414-2672 (fax)
caleb.stephens@myfloridalegal.com
jenna.hodges@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

CHRISTOPHER M. CARR
Attorney General of Georgia

*/s/ Elijah J. O'Kelley*
Elijah J. O'Kelley*
Principal Deputy Solicitor General
Office of the Georgia Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(470) 816-1342
eokelley@law.ga.gov

*Counsel for Plaintiff State of Georgia*

BRENNA BIRD
Attorney General of Iowa

/s/ Eric H. Wessan
Eric H. Wessan*
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

KRIS KOBACH
Attorney General of Kansas

/s/ James R. Rodriguez
James R. Rodriguez
Deputy Attorney General
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Tel.: (785) 368-8197
Jay.Rodriguez@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

MICHAEL T. HILGERS
Nebraska Attorney General

/s/ Cody S. Barnett
Cody S. Barnett
Solicitor General
Nebraska Department of Justice
1445 K Street, Room 2115
Lincoln, Nebraska 68508
Tel.: (402) 471-2683
Fax: (402) 471-3297
cody.barnett@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

JOHN FORMELLA
Attorney General of New Hampshire

/s/ Sam M. Gonyea
Sam M. Gonyea, New Hampshire Bar
No. 273264
Senior Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301

*Counsel for Plaintiff State of New Hampshire*

D. ANDREW WILSON
Ohio Attorney General

/s/ Mathura J. Sridharan
MATHURA J. SRIDHARAN
Ohio Solicitor General
Office of the Ohio Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
Mathura.Sridharan@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

/s/ Garry M. Gaskins, II
Garry M. Gaskins, II*
Office of Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
405-521-3921
405-521-4518
Garry.Gaskins@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

MARTY JACKLEY
Attorney General of South Dakota

_/s/ Grant M. Flynn_
Grant M. Flynn*
Assistant Attorney General
Office of the Attorney General
State of South Dakota
1302 S.D. Hwy. 1889, Suite #1
Pierre, SD 57501
(605) 773-3215

*Counsel for Plaintiff State of South Dakota*

DEREK BROWN
Attorney General of Utah

_/s/ Andrew Dymek_
Andrew Dymek
Solicitor General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 E. 300 S., 5th floor
Salt Lake City, Utah 84111
adymek@agutah.gov

*Counsel for Plaintiff State of Utah*

**Pro Hac Vice*
***Pro Hac Vice Forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, a true and accurate copy of the foregoing was electronically filed by using the Court's CM/ECF system to be served on all counsel of record entered in the case.

*/s/ William J. Seidleck*