**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms, and Explosives

*Office of the Director*

October 9, 2026

**OPEN LETTER TO ALL FEDERAL FIREARMS LICENSEES AND THE PUBLIC REGARDING THE NATIONAL FIREARMS ACT MAKING AND TRANSFER REQUIREMENTS FOR CERTAIN FIREARMS AND DEVICES**

The purpose of this open letter is to notify all federal firearm licensees (FFLs) and the public of guidance from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) regarding the applicability of certain provisions of National Firearms Act (NFA) to firearms that are no longer taxed pursuant to the One Big Beautiful Bill Act, Pub. L. No. 119-21, 139 Stat. 72 (2025). Congress reduced the transfer and making taxes to $0 in the One Big Beautiful Bill Act for certain weapons and devices. These include short-barreled rifles, short-barreled shotguns, silencers and “any other weapon[s]” as defined in 26 U.S.C. § 5845(e).

On August 5, 2026, a U.S. district judge in the Northern District of Texas enjoined ATF from enforcing certain provisions of the National Firearms Act (NFA), 26 U.S.C. ch. 53, effective August 12, 2026. *See generally Silencer Shop Found. v. ATF*, No. 6:25-CV-056-H, 2026 WL 2255460 (N.D. Tex. Aug. 5, 2026). Based on the reduction of the tax, the district court held that the NFA’s registration and transfer provisions were no longer an exercise of Congress’s taxing power with respect to those firearms. *Id.* at *1, *13–14. The district court also held that the challenged NFA provisions could not be upheld as an exercise of Congress’s power over interstate commerce because Congress did not rely on its power over interstate commerce when it first passed the NFA in 1934. *Id.* at *18–19.

The district court enjoined ATF from administering a variety of NFA provisions. These include the requirements to approve the making or transfer of firearms, the requirement to register all NFA firearms, and the associated criminal provisions for making, transferring, receiving, or possessing unregistered NFA firearms as applied to the $0 tax items. *Id.* at *30. The injunction applies only to the plaintiffs and to NFA firearms for which the One Big Beautiful Bill Act eliminated existing taxes. *Id.* at *31.

Since the district court’s injunction, ATF has received requests for guidance from litigants, Members of Congress, state Attorneys General, the industry, and the general public. Forty-seven Members of the U.S. House and Senate have also requested that ATF apply the ruling nationwide

to all regulated parties.[1] This open letter will provide an overview of the path forward, and it will be accompanied by a "Frequently Asked Questions" on ATF's website that will provide more detail.

Although the district court's injunction applies only to plaintiffs and certain other specified persons, the Department has determined to exercise its enforcement discretion to create greater uniformity, consistent with the Attorney General's statement today. Consequently, effective October 9, 2026, ATF will no longer require individuals to seek ATF approval under the NFA before making or transferring short-barreled rifles, short-barreled shotguns, silencers, and "any other weapon[s]" as defined in 26 U.S.C. § 5845(e). ATF will also no longer require such items to be registered in the National Firearms Registration and Transfer Record. These policies apply uniformly to anyone otherwise subject to these requirements, not just to the plaintiffs in the litigation.

ATF will continue to administer the NFA on a voluntary basis. ATF will accept Form 1 applications to make or register these firearms and devices by those making such items. ATF will also accept Form 3 or Form 4 applications to transfer or register such items. Manufacturers are allowed to report the manufacture of these items on a Form 2.

Interested parties, however, should note five limits of this change in enforcement policy. *First*, the NFA still imposes special (occupational) taxes on any person engaged in the business of manufacturing, importing, or dealing in all NFA firearms and devices, including short-barreled rifles, short-barreled shotguns, silencers, and "any other weapon[s]" as defined in 26 U.S.C. § 5845(e). The district court's injunction does not affect these taxes. Consequently, those engaged in the business must continue to pay applicable taxes on their businesses.

*Second*, the injunction does not disturb the NFA's application to machineguns and destructive devices. The One Big Beautiful Bill Act maintained the $200 tax on such items. Consequently, all NFA provisions still apply to machineguns and destructive devices.

*Third*, the district court did not enjoin any provision of the Gun Control Act of 1968 (GCA). The GCA's definition of "firearms" includes all firearms and suppressors and thus extends to short-barreled rifles, short-barreled shotguns, silencers, and "any other weapon[s]." Because these NFA firearms and devices are statutory "firearms" under the GCA, they may not be possessed by prohibited persons, and all recordkeeping and background check requirements under the GCA remain in place. *See, e.g.*, 18 U.S.C. §§ 921(a)(3); *id.* § 922(d), (g), (n), (t); *id.* § 923(g); 27 C.F.R. § 478.121, *et seq.*

*Fourth*, the district court did not enjoin the GCA's restrictions on the transportation and sale of short-barreled rifles and short-barreled shotguns. *See* 18 U.S.C. § 922(a)(4), (b)(4). Individuals transporting short-barreled rifles and short-barreled shotguns should continue to file Form 20s, even if the firearms are not registered in the National Firearms Registration and Transfer Record. ATF is working as quickly as possible to issue new regulations to authorize federal firearms

[1] *See* Letter from Congressman Andrew S. Clyde, et al., to Attorney General Todd Blanche, Aug. 11, 2026, https://clyde.house.gov/uploadedfiles/clyde_blancheletter_nfaruling_aug26.pdf.

licensees to transfer short-barreled rifles and short-barreled shotguns under the GCA. In the interim, ATF will not enforce the provisions in 18 U.S.C. § 922(b)(4).

*Fifth*, the district court's injunction and the enforcement policy announced by this Open Letter do not affect state or local laws that govern NFA weapons. Most states have general criminal prohibitions on the possession of some or all NFA items. These laws often have exceptions for those NFA items possessed in compliance with or registered under federal law. Individuals, including dealers, should consult their local law enforcement authorities or seek legal advice for guidance on whether unregistered NFA items are lawful in their jurisdictions. Because interpretations of state law may vary, local authorities should also be contacted, or other advice sought, before transporting an unregistered NFA item into or through another jurisdiction. Additionally, it is unclear whether state courts will apply the safe harbor created by 18 U.S.C. § 926A to interstate transportation of unregistered NFA items. Consequently, individuals should exercise caution before transporting unregistered NFA items through states in which such items are prohibited by law, even if the items are not prohibited in the originating and destination states. The GCA also continues to prohibit federal firearm licensees from transferring statutory firearms in violation of state or local law. 18 U.S.C. § 922(b)(2). The GCA defines "firearm" to include all NFA items for which Congress eliminated the tax, including silencers. 18 U.S.C. § 921(a)(3).

Questions pertaining to this Open Letter should be directed toward ATF's Firearms Industry Programs Branch (FIPB) at fipb@atf.gov.

ROBERT CEKADA
Digitally signed by ROBERT CEKADA
Date: 2026.10.09 11:11:21 -04'00'

Robert Cekada
Director