**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

SILENCER SHOP FOUNDATION, *et al.*,

*Plaintiffs*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,

*Defendants*.

No. 6:25-cv-56-H
(Consolidated with No. 6:26-cv-227-H)

**DEFENDANTS' RESPONSE TO STATE PLAINTIFFS' MOTION TO CLARIFY THE COURT'S PERMANENT INJUNCTION**

This August, the Court issued an opinion that resolved the parties' cross-motions for summary judgment, holding that certain National Firearms Act ("NFA") regulations are unconstitutional insofar as they regulate short-barreled rifles and shotguns, suppressors, and the "any other weapons" class of firearms ("AOWs"). *See* Mem. Op. & Order, ECF No. 136. With that opinion, the Court also entered a final judgment, which contained a permanent injunction that states:

> [T]he Court permanently enjoins the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Department of Justice, Todd Blanche in his official capacity, Robert Cekada in his official capacity, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, from enforcing the challenged provisions of the National Firearms Act as to untaxed firearms against the plaintiffs and, where applicable, the plaintiffs' agencies, political subdivisions, members, and customers—both current and future. The challenged NFA provisions are:
>
> - 26 U.S.C. § 5812(a)–(b);
> - 26 U.S.C. § 5822;
> - 26 U.S.C. § 5841(a)–(c), (e);
> - 26 U.S.C. § 5861(b)–(f);
> - 27 C.F.R. § 479.62(a)–(d); and
> - 27 C.F.R. § 479.84(a)–(d).

> Further, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Department of Justice, Todd Blanche in his official capacity, Robert Cekada in his official capacity, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office, are permanently enjoined from enforcing the following additional challenged NFA provisions as to untaxed firearms against the *Jensen* plaintiffs and, where applicable, their members and customers:
>
> - 26 U.S.C. § 5842(b); and
> - 26 U.S.C. § 5861(i).
>
> The Court's permanent injunction does not extend to the NFA's regulation of "any other weapon" as it relates to the *Jensen* plaintiffs. *See* 26 U.S.C. § 5845(a)(5), (e).

*See* Final Judgment, ECF No. 137.

A group of state plaintiffs have asked that the Court clarify its injunction in two respects. *See* Pl. States' Mot. for Clarification of Scope of Inj. Relief ("Mot."), ECF No. 144. First, the states ask the Court to clarify whether its injunction imposes an affirmative obligation on ATF to provide guidance to federal firearms licensees ("FFLs") regarding the categories of persons and transactions that the Court's injunction covers. *Id.* at 6–7. And second, they ask the Court to clarify whether its injunction prohibits defendants from enforcing the challenged NFA provisions as to any person or transaction within the states' borders. *Id.* at 2–6. Given recent developments, however, there's no need for the Court to clarify its injunction in either respect.

*First*, defendants have already provided the guidance that the states seek. On October 9, ATF issued detailed guidance in the form of an open letter and answers to frequently asked questions, *see* ATF, *Open Letter to All Federal Firearms Licensees and the Public Regarding the National Firearms Act Making and Transfer Requirements for Certain Firearms and Devices* ("Open Letter") (Oct. 9, 2026), https://www.atf.gov/media/30961/download; ATF, *Update to NFA Transfer Guidance: Frequently Asked Questions* ("FAQs") (Oct. 9, 2026), https://www.atf.gov/firearms/update-to-nfa-transfer-guidance, which explain that, as of October 9, ATF will no longer enforce the challenged NFA provisions against *anyone* or as to *any* transactions to which those provisions apply. *See* Open Letter at

2; FAQs (select dropdown answer to "What about persons not covered by the injunction? Will ATF apply this ruling nationally?"). Those documents provide all the guidance that the states request on behalf of FFLs—namely, for which transactions will ATF require an FFL to submit a Form 4 (there are none, *see* Open Letter at 2; FAQs (select dropdown answers to "How do FFLs process transactions of silencers and any other weapons?" and "How should an FFL transfer short-barreled rifles and short-barreled shotguns?")), and which individuals will ATF require to register to complete a purchase of a short-barreled rifle or shotgun, suppressor, or AOW from an FFL (again, there are none, *see* Open Letter at 2; FAQs (select dropdown answer to "What about persons not covered by the injunction? Will ATF apply this ruling nationally?")). *See* Mot. 6. There is thus no need for this Court to order ATF to provide any additional guidance.[1]

*Second*, because ATF is not enforcing the challenged NFA provisions in *any* state, clarifying whether the Court's injunction entirely prohibits enforcement in a particular group of states would have no real world impact. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) (declining to resolve "an abstract controversy over the use of … words" in an injunction). There's thus no present need for the Court to provide this clarification.

At any rate, the Court's injunction cannot be fairly read to bar enforcement of the challenged NFA provisions against all persons and transactions within the plaintiff states. First of all, the Court's

[1] In any event, nothing in the Court's injunction could be "clarified" to impose an affirmative obligation on ATF to provide any type of guidance, much less the specific guidance that the states seek. *See Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 517 (5th Cir. 1969) (a party may seek "district court clarification" where it has "doubts about *the meaning* of any part of [an] injunction" (emphasis added)). The Court's injunction merely prohibits defendants from "enforcing" the challenged NFA provisions against certain categories of individuals and entities, *see* Final Judgment at 1–2; it nowhere requires defendants to take any affirmative actions, like issuing guidance. The states' request for an order requiring ATF to issue guidance is therefore not a matter of clarification, but rather is an untimely request to modify the Court's injunction to impose an affirmative obligation on defendants. *See* Fed. R. Civ. P. 59(e) (requiring any motion to "alter or amend" a judgment "no later than 28 days after" the judgment is entered); *see also* Mot. at 7 (filed 37 days after the Court entered final judgment).

injunction simply doesn't say that. It says that it prohibits enforcement of these provisions "against the plaintiffs and, where applicable, the plaintiffs' agencies" and "political subdivisions." *See* Final Judgment 1. Had the Court wanted its injunction to also prohibit enforcement of these provisions against all persons and as to all transactions within the fifteen plaintiff states, it could have easily said so. *See, e.g.*, *Texas v. Becerra*, 577 F. Supp. 3d 527, 563 (N.D. Tex. 2021) (Hendrix, J.) ("defendants are preliminarily enjoined from implementing and enforcing the Interim Final Rule with Comment Period … in the state of Texas ….").

The states disagree, claiming that the fact that the Court referred to the "states" in addition to their "agencies" and "political subdivisions" must mean that the Court was enjoining enforcement of the challenged NFA provisions within the states as geographic areas. *See* Mot. 3. As an initial matter, the states aren't even interpreting the Court's injunction in making this argument; they are referencing the Court's opinion, *see id.*, which is not the operative order. The Court's final judgment, which is the operative order, uses the term "plaintiffs," not "states." *See* Final Judgment 1. Regardless, the Court's injunction prohibits enforcement of the challenged NFA provisions "*against* the plaintiffs" and their "agencies" and "political subdivisions." *Id.* (emphasis added). Interpreting "plaintiffs" to include the plaintiff states as geographic areas would thus make no sense, because defendants cannot enforce an NFA provision "*against*" a geographic area. *See id.*

Reading the Court's injunction to bar enforcement of the challenged NFA provisions against all persons and transactions within the plaintiff states also wouldn't align with the states' own theory of standing. The states asserted standing based solely on the fact that the NFA regulates them directly as acquirers and possessors of NFA firearms, which comes with compliance costs. *See, e.g.*, Compl. ¶ 54, ECF No. 15; Mem. Op. & Order at 9 (the states "allege that their agencies and employees are injured by the compliance costs associated with acquiring and possessing NFA firearms for law-enforcement purposes"). And that is the sole ground on which the Court found that the states had

standing to seek any relief. *See* Mem. Op. & Order at 13–14 (the states "are the objects of the challenged NFA provisions" and thus "incur[] compliance costs"). The Court never found that the states had standing to seek relief for anybody else, including every person who purchases an NFA firearm within their borders—which would have been a dead-end theory of standing, at any rate. *See Murthy v. Missouri*, 603 U.S. 43, 76 (2024) (states cannot proceed as *parens patriae* against the federal government to protect their residents from the operation of a federal statute); *accord Haaland v. Brackeen*, 599 U.S. 255, 294–95 (2023). Therefore, given the basis of the states' standing, the Court's injunction must be understood to apply to the states (including their "agencies" and "political subdivisions") solely as entities that acquire and possess their own NFA firearms—nothing more. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) (a "remedy must . . . be limited to the inadequacy that produced the injury in fact that the plaintiff has established").

Indeed, it doesn't appear that the states have any confidence in the view of the Court's injunction that they assert here, as evidenced by the fact that several of them have filed a separate lawsuit in the Eastern District of Missouri, seeking an injunction against the enforcement of the same NFA regulations "throughout Plaintiff States"—the exact same relief they claim to have obtained here. *See* Resp. to the Court's Order at 2, *Brown v. ATF*, No. 4:25-cv-1162 (E.D. Mo.), ECF No. 108. But there, these states claim that they only "obtained injunctive relief as to their state agencies and political subdivisions" in this case. *Id.* at 5 n.2. The states can't have it both ways. If they are going to take the position in the Eastern District of Missouri that this Court's injunction is limited to the states' agencies and political subdivisions, the Court should hold them to that position here.

*   *   *

Dated: October 12, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director

ANDREW I. WARDEN
Assistant Branch Director

*<u>/s/ Jody D. Lowenstein</u>*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On October 12, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice