# Chief United States District Judge
# Stephen R. Clark

**Chambers 14N**

**Address**
111 S. 10th Street
Suite 14.148
St. Louis, MO 63102

**Phone**
(314) 244-7540

**Paralegal**
Chelsea Langeneckert

**Case Management Team**
Lauren Sutton
(314) 244-7937

Tiffany Roskowski
(314) 244-7451

Cassie Thoele
(314) 244-7542

**Law Clerks**
John Russell
Mattis Belloncle
Ben Strachman

**Court Reporter**
Reagan Fiorino
(314) 244-7989

## Judge's Requirements (Revised October 26, 2026)

### Local and federal rules

You may find many answers to frequently asked questions in the Local Rules of the Eastern District of Missouri, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Federal Rules of Evidence. I expect counsel to know these rules and to follow them.

### Entry of appearance

Unless otherwise permitted by the Local Rules, to represent any party in any case, you must be admitted to practice before this Court, and you must file an entry of appearance. If you fail to comply with the Local Rules or this Requirement, I will not allow you to appear on the pleadings, participate in the case, or otherwise represent a party.

### Emergency matters

If you have an emergency motion that you believe requires a formal hearing on the record, you should call my chambers to bring the motion to my attention and to request a hearing. Counsel also must follow up with an email to my paralegal, Chelsea Langeneckert, at Chelsea_Langeneckert@moed.uscourts.gov.

### Proposed orders

Any proposed order or proposed judgment must be filed electronically as a pdf attachment to the motion or memorandum to which it pertains. Additionally, the proposed order or judgment must be emailed to my paralegal, Chelsea Langeneckert, at Chelsea_Langeneckert@moed.uscourts.gov, in a word processing format.

### Criminal case scheduling

Counsel can request a change-of-plea hearing by emailing my paralegal, Chelsea Langeneckert, at Chelsea_Langeneckert@moed.uscourts.gov. The email should include a copy of the agreed-upon plea agreement as an attachment. I do not conduct consolidated plea-and-sentencing hearings.

I will hold a status conference approximately three weeks before the scheduled trial date, and earlier if necessary. If at that time, the parties advise that they intend to proceed with trial, I will determine whether to conduct the *Frye* hearing then or schedule it for later. I will also set a pretrial conference.

Any motion to continue a hearing—e.g., a status conference, change-of-plea hearing, *Frye* hearing, or pretrial conference—must include the length of the requested continuance or a proposed date and opposing counsel's position on both the motion itself and the length of the continuance or the proposed date.

The trial date is firm, and the Court will not continue trial without a showing of truly exceptional reasons. If a party a has true showing of exceptional reasons for continuing a trial date, that party can file a motion to continue. That motion to continue must include the length of the requested continuance or a proposed date, and opposing counsel's position on both the motion itself and the length of the continuance or the proposed date.

If a criminal defendant requests the continuance of the trial or change-of-plea hearing, the defendant must also file a waiver of speedy trial, and both the defendant and counsel must physically sign it.

In cases with multiple defendants, I generally will not consider granting a motion to continue unless all defendants agree to the continuance of the trial date and file waivers of speedy trial.

If a party must seek a continuance of the sentencing hearing, that party must file a motion as far in advance of sentencing as possible but no later than 10 days before the hearing, unless the grounds for the continuance could not have been known at that time. Belated requests for continuances inconvenience numerous people, including witnesses, victims, court personnel, attorneys, and others, and hinder the Court's scheduling of other matters.

**Complaints, counterclaims, crossclaims, and responsive pleadings**

After filing a complaint, counterclaim, or crossclaim, the party must provide a copy of the filed pleading to opposing counsel in .doc or .docx format.

When preparing an answer to a complaint, counterclaim, or crossclaim, I ***strongly encourage*** the responding party to: (1) work directly from the .doc or .docx version of the pleading it is responding to, and (2) include in its answer three things for each allegation it responds to: (a) the paragraph number of the allegation, (b) the exact text of the allegation, and (c) the answering party's response to that allegation. For example, if Plaintiff's complaint alleges in paragraph two that Defendant John Doe is a citizen of Missouri, Defendant John Doe's answer would respond to that allegation like this:

> 2. Defendant John Doe is a citizen of Missouri.
>
> **Defendant admits this allegation.**

Of course, responding parties must comply with the requirements that relate to partial denials as set out in Federal Rule of Civil Procedure 8(b)(4).

The provisions of this section do not apply to pro se parties or appeals (e.g., social Sccurity, bankruptcy, and the like).

**Motions and memoranda**

In both civil and criminal cases, the parties must comply with the response and reply deadlines set forth in Local Rule 4.01, unless otherwise provided in these Requirements (e.g., discovery-related motions). As I explain at the Rule 16 conference, absent truly exceptional circumstances, I do not grant motions for extension of these deadlines. While I understand your multiple competing priorities, I do this so I can achieve my goal of issuing dispositive-motion rulings 35 days before trial.

All motions must indicate whether each party consents or objects to the moving party's request.

In any motion for extension of any deadline, or for leave to vary from the applicable rules or procedures (including these Requirements), the moving party must specify whether counsel for each other party consents to the extension. Failing to do so will delay a ruling on the motion and may result in summary denial. Motions should be filed by consent wherever possible. File the motion as soon as possible, and before the deadline. Absent a showing of exceptional circumstances, I do not extend the deadlines for dispositive-motion briefing, as doing so would cut short the Court's time to rule on the motion.

If a party must seek an extension of time to file objections to a presentence investigation report, that party must file a motion that includes opposing counsel's and the PSR officer's position on the request.

If I grant leave and allow a party to file a brief that exceeds the page limitation set forth in Local Rule 4.01, the brief must have a table of contents and table of authorities.

The following filings must contain precise citations to the record: (1) memoranda in support of motions for summary judgment, (2) memoranda in opposition to motions for summary judgment, (3) reply memoranda in support of motions for summary judgment, (4) statements of uncontroverted material facts, (5) responses to statements of uncontroverted material facts, and (6) replies to statements of uncontroverted material facts. Citations must include an exhibit number, page number, and if citing to a transcript, a line number. I will not search the record to find the evidence on which the parties rely.

I strongly encourage parties to highlight relevant portions of exhibits.

In cases with multiple plaintiffs or multiple defendants, the parties must avoid duplicative filings of dispositive motions, including statements of undisputed facts. For example, when multiple movants raise the same or similar issues, they must file a joint motion, with one memorandum in support. In turn, the respondents must file one joint memorandum in opposition, and the movants

must file one joint reply memorandum. I will not accept separate motions raising the same or similar issues.

Parties must avoid multiple filings of summary-judgment motions and motions under Federal Rule of Evidence 702 or 703 (colloquially referred to as *Daubert* motions). For summary judgment, the movant may file only one motion, which incorporates all claims and defenses on which summary judgment is sought. Likewise, the movant may file only one 702 or 703 motion, which incorporates all challenged experts.

On summary-judgment motions, multiple movants must file one consolidated statement of material facts. If necessary, the movants may include sections demarcating facts asserted only by certain movants. Likewise, multiple respondents must file one consolidated response to the statement of material facts, also including sections demarcating responses asserted only by one movant. The same applies to replies to responses to statements of facts. The goal here is to minimize the number of separate documents that the parties and the Court need to refer to for the facts.

When moving for leave to amend a pleading, you must include, as exhibits: (1) the amended pleading with all changes tracked for comparison with the original pleading, and (2) a clean copy of the amended pleading. When amending a pleading as a matter of right, you must include, as an exhibit to the amended pleading, the amended pleading with all changes tracked for comparison with the original pleading.

I strongly encourage parties to highlight relevant portions of exhibits on both the electronically filed copies and the paper courtesy copies. If a party highlights portions of exhibits, the party must identically highlight the copies it serves on the opposing parties.

**Courtesy copies**

I reserve the right to require parties to provide to chambers courtesy copies of filings.

**Rule 16 scheduling conferences**

I usually set civil cases for Rule 16 scheduling conferences after all defendants have filed a responsive pleading. If a party believes we need to have a conference sooner, that party should contact my paralegal, Chelsea Langeneckert, to request an expedited conference. You must notify opposing counsel before seeking an expedited conference.

Before the conference, I will issue an order setting a Rule 16 scheduling conference that requires the parties to meet and to prepare a proposed Joint Scheduling Plan (JSP). Unless I order otherwise, counsel for plaintiff is responsible for initiating the meeting and filing the JSP. I encourage the parties to speak with each other when preparing the JSP, and if counsel have any disagreements, they must speak with each other to attempt to resolve.

If the parties are unable to resolve disagreements about issues in the JSP after meaningfully speaking in person or by telephone, they must set forth in the JSP: (1) their respective positions

on the issue and (2) the means they used when trying to resolve the disagreement (whether they spoke in person or by telephone). I will not accept separate JSPs, even if the parties disagree on issues.

Lead trial counsel are required to attend the Rule 16 scheduling conference. The attendance of lead counsel advances the purposes of Rule 16, and (1) it is my first opportunity to manage the case and meet counsel, (2) it is counsels' first opportunity to help me manage the case by advising of any particular issues requiring my attention or guidance, and (3) it allows counsel for both sides to meet and to further discuss the case with each other. Absent truly exceptional circumstances, I will not waive the requirement that lead trial counsel appear.

I typically conduct Rule 16 scheduling conferences in person in the courtroom. Generally, these proceedings will be off the record.

When a party appears pro se, I will hold the Rule 16 scheduling conference in the courtroom, on the record.

At the Rule 16 conference, you should be prepared to discuss the facts of your case and all other matters set out in Federal Rules of Civil Procedure 16 and 26(f) and the Rule 16 order itself, including settlement. I expect all attending counsel to know the case and to be prepared to discuss all issues, including changes to the proposed schedule and trial setting.

**Case-management orders**

I manage my docket proactively so that parties can expect to go to trial during the three-week trial docket set in the case management order. I strictly enforce the deadlines set forth in the CMO. As I explain at Rule 16 conferences, the following do not constitute exceptional circumstances: generic "press of other business," discovery taking longer than expected, or parties' delay in initiating or pursuing discovery.

Counsel should read the CMO carefully and refer to it throughout the case. If a party needs to amend any part of the CMO that is not covered by Federal Rule of Civil Procedure 29, that party must file a motion to amend before any of the deadlines that party seeks to move pass. The motion must also specify whether counsel for each other party consents to the amendment. I will grant the motion only if the movant shows that exceptional circumstances justify the amendment.

**Protective orders and sealed documents**

Local Rule 13.05 governs filing of sealed documents in both civil and criminal cases. Review that rule in detail before filing a motion for leave to file under seal. I will deny (generally without prejudice) motions that fail to comply with that rule or these Requirements.

In civil cases, if you file a proposed protective order that contemplates filing materials under seal, the proposed order must:

(1) comply with Local Rule 13.05,

(2) require any party seeking to file a document under seal to first file a motion for leave to file under seal in compliance with Local Rule 13.05 (i.e., you must not include any provision that allows for automatic filing under seal), and

(3) include a date certain on which the seal lifts or the documents are removed from the court file.

I will deny (generally without prejudice) any proposed protective order that fails to comply with these Requirements or provides for the Court to retain continuing jurisdiction after the case is resolved.

**Discovery disputes**

I strongly encourage parties to work out all discovery disputes among themselves. If they are unable to, Local Rule 3.04 sets out requirements that parties must follow before filing any motion raising a discovery issue (including motions to compel, motions to quash, and motions for discovery sanctions). I will not entertain any motion raising a discovery issue unless the parties have fully complied with Local Rule 3.04 and these Requirements.

Before filing any discovery-related motion, you **must** meet and confer with opposing counsel and attempt to resolve the dispute, and you must certify in your motion that you have done so. And any time I say, "meet and confer," I mean **you must actually speak with one another.** Sending letters, emails, or text messages to one another does not fulfill the meet-and-confer requirement, and I do not want to see them attached to motions. If opposing counsel does not return your calls within a reasonable time, you must put the specific dates, times, and methods of contact in your certification with the motion.

In addition, if any party has a dispute with a nonparty (e.g., regarding a subpoena), the same procedure applies, and the party must promptly inform the nonparty of my discovery-dispute requirements. If the nonparty needs me to resolve the dispute, it should follow the procedure explained above.

In cases involving incarcerated pro se litigants, the Court expects the parties to confer only in writing before filing a discovery motion.

If the parties cannot settle the dispute themselves, and if they have satisfied Local Rule 3.04 and these Requirements, they should file an appropriate motion. To make disposition of discovery disputes efficient, I dispense with the traditional motion-and-memorandum-in-support and instead use this procedure:

1. The party seeking the Court's ruling on a discovery issue must only file a **one- to two-page single-spaced motion** describing (a) the dispute, (b) how the parties tried to resolve the dispute, and (c) the party's legal position. That party must address all pending discovery disputes against the other party(ies) in one motion.

2. Opposing counsel must then file only a **one- to two-page single-spaced response** agreeing with, clarifying, or disputing the assertions in the motion. Counsel should file the response as soon as possible, but no later than three business days after the motion was filed. The opposing party must not raise additional discovery issues in its response. Instead, if the opposing party wants to have me decide other discovery disputes, it must comply with Local Rule 3.04 and these Requirements.

3. If the dispute concerns an objection to a specific discovery request, the parties must submit the specific request and objection simultaneously with the motion or response.

If I determine that the motion warrants a hearing or additional briefing, I will schedule a video- or telephone-conference hearing or order briefing as appropriate. Otherwise, I will rule on the motion in a written order.

**Disputes during depositions**

If a bona fide dispute arises during a deposition, and the parties are unable to resolve it after speaking with each other in a good-faith effort, counsel should not hesitate to call my chambers (314-244-7540). I am usually available by telephone to resolve objections and disputes that arise during depositions. I will typically do so on the record, so make sure the court reporter for the deposition is available to transcribe the call.

**Discovery objections**

Federal Rules of Civil Procedure 33(b)(4), 34(b)(2)(B)–(C), and 36(a)(5) prohibit boilerplate and general objections in response to discovery requests. Parties should not carelessly raise "standard" objections such as attorney-client privilege, work-product doctrine, overly broad/unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. I will disregard or strike standard, non-specific objections.

Similarly, parties must not include in a response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery. Instead, the party must raise a specific objection (or objections) to each discovery request. This way, the opposing party and I will know exactly what objection applies to each request.

**Discovery stipulations**

I encourage parties to stipulate about discovery procedures as set forth in Federal Rule of Civil Procedure 29. The parties should not file motions on matters covered by Rule 29.

**Alternative dispute resolution**

I refer civil cases (except habeas corpus and social security and bankruptcy appeals) to alternative dispute resolution (ADR), and I encourage parties to view ADR as a process, not an event. For

example, you may schedule multiple mediation sessions over multiple days or weeks if necessary to give parties time to investigate and absorb information learned in mediation. With virtual mediation, mediators often will schedule less-than-full-day mediation sessions.

Unless the parties agree otherwise, counsel for plaintiff will be designated lead counsel for purposes of coordinating ADR. If the parties agree that someone other than counsel for plaintiff will serve as lead counsel, they must notify me, in writing, of the agreed-on lead counsel.

Lead counsel must work with opposing counsel to select a neutral. Counsel can get a list of certified neutrals from the Clerk's website (http://www.moed.uscourts.gov/neutrals/). The parties must file a motion seeking permission to appoint a neutral who is not on the list of certified neutrals. The non-certified neutral must have special subject-matter expertise germane to the case.

All ADR deadlines are binding and may be extended by my order only. If a deadline cannot be met, the designated lead counsel must file a motion requesting an extension of the deadline before the expiration of that deadline.

If the parties reach a settlement, they must notify me immediately. I then will enter an order vacating all pending deadlines and requiring you to file a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment within 30 days.

**Pretrial conferences**

Counsel should be prepared at the final pretrial conference to argue any motions in limine (and other preliminary matters), so that I can attempt to rule on them before the trial date. We will put any necessary argument and all rulings on the record at the end of the pretrial conference or before the trial starts.

**Available courtroom technologies**

For all proceedings in open court, I prefer that counsel use the Court's equipment.

The Court has evidence presentation equipment available, including an evidence camera (e.g., ELMO), monitors, and hook ups for computer-stored evidence or computer presentation. You will find instructions for how to use this equipment on the Court's website at http://www.moed.uscourts.gov under Courtroom Technology.

I strongly encourage counsel to use electronic presentation of exhibits, via computer, or the evidence camera or ELM,O for all trials. Please call my case management team in the Clerk's office to schedule training before trial. Training usually takes no more than 30 minutes and gives you the opportunity to get comfortable with the equipment before trial. **We do not conduct training on the day of trial.**

If you intend to use your computer with the Court's evidence presentation system, you must confer with the Clerk's office **before trial** to be sure your settings and connections are appropriate for

our system. The Court does not provide equipment to play audio tapes; you will need to bring your own device.

**Real-time court reporting**

My court reporter, Reagan Fiorino, uses real-time court reporting. Reagan's phone number is 314-244-7989; her email address is Reagan_Fiorino@moed.uscourt.gov. If you wish to order a daily copy of the trial transcript, please contact her at least two weeks before trial so she can make appropriate arrangements.

**Decorum and general courtroom rules**

*I expect counsel to be thoroughly prepared for trial and all hearings.*

1. When you arrive, notify the courtroom deputy and introduce additional counsel, support staff, and parties.

2. Counsel must treat each other, all court personnel, and all witnesses, including adverse witnesses, professionally and courteously.

3. I do not allow photographs, audio or video recording, or broadcasting in the courtroom. I do allow laptops and tablets at counsel tables. But if counsel want someone in the audience to use laptops or tablets, counsel must get advance approval from me. Please make sure that your clients and witnesses observe these rules.

4. Stand at all times when speaking.

5. Stand when the jury enters the courtroom.

6. I expect counsel to wear business-professional clothing to all hearings and conferences.

7. I do not allow eating, drinking (other than water), chewing gum, or carrying audible beepers or watches.

8. You must turn off your cell phones and other electronic devices, and you may not use them during court proceedings unless I <u>specifically</u> authorize you to do so.

9. Children are not allowed as spectators unless an adult sits with them in the spectators' area. A party to the suit (defendant, attorney, case agent, etc.) cannot qualify as the attending adult.

**Videoconference protocol**

To facilitate the flow of the conference and aid in the accuracy of the transcript, I expect parties to observe the following protocol when participating in videoconferences:

1. Participate from a quiet place and be aware of your surroundings. Other hearing participants will have a clear view of the contents of your video frame, including items around or behind you.

2. Ensure proper lighting.

3. Dress as if you are making a physical appearance in court (see point number 6, above).

4. Mute yourself when you are not speaking.

5. Avoid talking over others. Wait until the current speaker finishes talking before you begin to speak.

Additional sources of information that may help answer your questions include:

- The Court's Local Rules,
- The Federal Judiciary Homepage,
- The Federal Judicial Center, and
- The United States Sentencing Commission.